Emma Y. McCarty *et al.* Defendants in Error, *vs.* John Wesley McCarty *et al.* Plaintiffs in Error.

*Opinion filed October 24, 1916—Rehearing denied Dec. 14, 1916.*

1. Wills—*jurisdiction of equity over wills prior to amendment of section 50 of the Chancery act.* Prior to the amendment of section 50 of the Chancery act in 1911 the jurisdiction of courts of equity to construe wills was a part of the control of such courts over trusts, and they could not properly exercise the jurisdiction unless a trust, express or implied, was involved.

2. Same—*existence of a trust not essential to jurisdiction of equity to construe wills.* Under the amendment of 1911 of section 50 of the Chancery act the existence of a trust is not essential to the jurisdiction of courts of equity to construe wills, where there is doubt or uncertainty as to the rights and interests of parties arising from ambiguous language in the will.

3. Same—*equity should not take jurisdiction solely to destroy contingent remainders.* Where a will is neither ambiguous nor uncertain and where there is nothing in the bill calling on the court to exercise any power for the conservation, preservation, protection or betterment of the estate or to settle any real controversy, and the bill is filed for the sole purpose of having the court declare contingent remainders destroyed and to certify that one of the complainants has a legal title in fee simple, a court of equity should not assume jurisdiction to construe the will.

4. Cloud on Title—*when equity will not take jurisdiction to remove cloud on title under a will.* A cloud upon a title is a claim, apparently valid, which may be removed by extrinsic evidence, and equity will not take jurisdiction to remove a cloud on title under a will where there is no defect in title except what is apparent on the face of the will, so that resort to extrinsic evidence is not necessary.

5. Same—*equity should not take jurisdiction to remove verbal assertion of ownership as cloud on title.* Where, in a bill to construe a will, the only averment respecting any claim contrary to the right of the complainants is that some of the relatives of the testator are contending that the remainders created by the will are vested and not contingent and that it is not possible to destroy such remainders, a court of equity should not take jurisdiction to construe the will and remove such mere verbal assertions as a cloud upon the title.

6. Same—*when equity will not take jurisdiction to declare the rights of parties.* A court of equity will not entertain a suit merely

to declare the rights of the parties on a state of facts which has not yet arisen and which may never arise.

7. JUDGMENTS AND DECREES—*decree construing will is not void though jurisdiction was erroneously exercised.* Since a court of equity has always had the power, under certain conditions, to construe wills, a decree construing a will is not void even though the jurisdiction was erroneously exercised, but is binding until reversed on appeal or writ of error.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

W. THOMAS COLEMAN, guardian *ad litem*, for plaintiffs in error.

EDWARD C. CRAIG, DONALD B. CRAIG, and JAMES W. CRAIG, JR.. for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Francis A. McCarty died in May, 1899, leaving Emma Y. McCarty, his widow, and John McCarty, William F. McCarty, Caroline McCarty, Laura F. McCarty and Frances McCarty, his children and heirs-at-law. He left a last will and testament, by which he devised to his wife, Emma Y. McCarty, an estate in all his property, real and personal, during her life while she remained his widow, and provided that if she should re-marry the estate should be divided according to the statutes of descent; that if she died his widow the estate was then to be divided into the number of equal shares provided by the provisions of the will to be distributed among his five children as therein provided, and that if any of the children should die previous to the widow's death, leaving a child or children, the child's share should go to such child or children. He appointed his wife, Emma Y. McCarty, his son John McCarty and George C. Kemp executors, and gave them power to sell and convey

any property, real or personal, as freely as he might do if living, and to give new mortgages or renew or take up any mortgage existing at the time of his death. Emma Y. McCarty qualified as executrix, administered her trust, made her final report and was discharged. She has not remarried. None of the children were married at the time of the death of the testator, but John McCarty, William F. McCarty and Laura F. McCarty have married since that time, Laura F. McCarty now being the wife of John L. Vance, Jr. John McCarty has three children,—John Wesley McCarty, aged six years, Mary Josephine McCarty, aged four years, and Laura Carolyn McCarty, aged two years,—and there are no other grandchildren. On February 16, 1916, Emma Y. McCarty, the widow, John McCarty and wife, William F. McCarty and wife, Caroline McCarty, Laura F. McCarty Vance and husband, and Frances McCarty, executed a deed of the real estate of which the testator was possessed at the time of his death, to Bert Parker, and on February 29, 1916, Bert Parker executed a deed of the same lands to the widow, Emma Y. McCarty. The deeds having been executed, the defendants in error, Emma Y. McCarty, the widow, John McCarty, William F. McCarty, Caroline McCarty, Laura F. McCarty Vance and Frances McCarty, filed their bill in the circuit court of Douglas county against the plaintiffs in error, John Wesley McCarty, Mary Josephine McCarty and Laura Carolyn McCarty, the infant children of the defendant in error John McCarty, asking the court to construe the will and remove the ambiguities existing therein; to remove the cloud upon the title of Emma Y. McCarty and to declare her to be the owner in fee simple of the real estate free and clear from any claim or claims of future interests on the part of the plaintiffs in error or on the part of any child or children or issue of the body of any of the defendants in error that might be living at the time of the death or re-marriage of the widow who might survive their

parents. The court appointed a guardian *ad litem* for the infant defendants, and he filed an answer committing their interests to the protection of the court. The court entered a decree on March 15, 1916, reciting that the cause was heard upon the bill of complaint, the answer of the guardian *ad litem*, the replication thereto and evidence heard in open court, and finding the facts as above stated. The decree adjudged that the contingent remainders created by the will were destroyed and prematurely extinguished by the merger of the life estate of the widow in the fee in reversion vested in the heirs-at-law and that she held the title thereto. The guardian *ad litem* sued out a writ of error in this case to obtain a review of the decree.

The first and third errors assigned are that the court erred in finding that it had jurisdiction of the subject matter involved in the suit and had jurisdiction to construe the last will and testament of Francis A. McCarty, deceased, and the guardian *ad litem* contends that while the bill was called a bill to construe a will it was really a bill to accomplish the judicial destruction of the will by judicially declaring a portion of the devises destroyed, and that the only purpose of the bill was to determine that Emma Y. McCarty had a legal title. For the defendants it is contended that the court had jurisdiction under the authority conferred by section 50 of chapter 22 of the Revised Statutes, as amended in 1911. Prior to that amendment the jurisdiction of courts of equity in the construction of wills was a part of the control of such courts over trusts, and they could not properly exercise the jurisdiction unless a trust, express or implied, was involved. That amendment added the provision here quoted, that the court may hear "and determine bills to construe wills, notwithstanding no trust or questions of trust or other questions are involved therein; and hear and determine bills to appoint trustees, and authorize trustees to lease, mortgage and sell, improve, exchange and invest any portion or all of any trust estate,

or to do any other act or thing, or exercise any power and discretion which is necessary for the conservation, preservation, protection or betterment of said estate during any period of contingency pending a contingent remainder or executory devise or otherwise." There was nothing in the bill calling on the court to exercise any power for the conservation, preservation, protection or betterment of the estate during any period of contingency pending a contingent remainder or executory devise or otherwise. The bill was filed solely for the purpose of having the court declare the contingent remainders destroyed and extinguished and the legal title to be in Emma Y. McCarty, one of the complainants, and the remainder of the amendment merely dispensed with the necessity of a trust for the exercise of the jurisdiction. Under the amendment the existence of a trust is not a test of the jurisdiction of courts of equity to construe wills where there is doubt or uncertainty as to the rights and interests of parties arising from ambiguous language in the will, but in this case the terms of the will were not doubtful and their validity is not contested. The construction of the will of Francis A. McCarty was no more involved in the suit than such construction is involved in any case where a will is in the chain of title of the complainant and where there is no uncertainty or ambiguity as to its meaning. The suit is not by an executor or devisee claiming under the will but was brought by complainants who allege the destruction of contingent remainders created by the will, and there was no difference between the parties respecting the construction of the will. The first point stated in the brief for the guardian *ad litem* is that the widow was only given a life estate, and the second is that the provisions of the will created contingent remainders with a double aspect. There is no question concerning the construction of the will which is even debatable. It is argued by the guardian *ad litem* that on account of the power given to the executors to sell and convey property,

real and personal, or to mortgage real estate, the conveyances are ineffective, but the argument is without foundation because the estate had been settled without the exercise of the power and the executrix had been discharged, so that there was no longer any possibility of the exercise of the power if it was ever a matter of any importance.

Considered as a bill to quiet title or remove a cloud, there was no averment of fact which would give the court jurisdiction. No fact was stated that called for protection of the property rights of Emma Y. McCarty, since her possession and enjoyment of the property were not even threatened. The only averment in the bill respecting any claim contrary to her right was that some of the relatives of the testator were contending that the remainders were vested and not contingent and that it was not possible to destroy such remainders, but courts of equity do not take jurisdiction to remove a mere verbal assertion of ownership in land as a cloud upon title. (*Parker* v. *Shannon,* 121 Ill. 452.) It was not alleged that the statements of some relatives of the testator who neither had nor claimed any interest in the property but were giving legal opinions were an injury to Emma Y. McCarty's title or depreciated its market value. The contingent remainders limited to the children of the testator's children were not estates or interests in the land and would never become estates or interests except upon the happening of future uncertain events, and courts of equity do not generally entertain suits to declare the rights of parties on a state of facts which has not yet arisen and which may never arise. A cloud upon a title is a claim apparently valid which may be removed by extrinsic evidence, but if there was any defect in the title of Emma Y. McCarty it appeared on the face of the will and resort to extrinsic evidence was not necessary. If the General Assembly intended by the present statute to give power to courts of equity to establish and confirm purely legal titles where no equitable right, estate or interest is involved, this

case is not one for the exercise of the power. No controversy in any legal form has arisen, and there is no occasion to call upon a court to quiet a title already quiet and in a state of perfect tranquility. There have been cases where the court has construed wills as incident to the granting of relief within the jurisdiction of courts of equity, and since the amendment of 1911 there have been some such cases. *Wakefield* v. *Wakefield,* 256 Ill. 296, was one of them. It was an appeal from the order of the circuit court requiring a purchaser at a sale under a decree to comply with the terms of the sale, and he contended that a deed from the master in chancery would not convey a merchantable title. In *Belding* v. *Parsons,* 258 Ill. 422, the bill sought to remove as a cloud upon the title a contract for the conveyance of the land made by a former owner, and *Barr* v. *Gardner,* 259 Ill. 256, was a case where a bill for partition was filed. There have been cases where the courts of equity have taken jurisdiction to construe wills under circumstances substantially like those existing here and the decrees have been reviewed, but no error was assigned that the jurisdiction was improperly exercised. As courts of equity always had power to construe wills, a decree construing a will is not void although the jurisdiction was erroneously exercised but is binding until reversed on appeal or writ of error. (*Wakefield* v. *Wakefield, supra.*) In this case the jurisdiction is challenged by the assignment of errors, which it is the duty of the court to consider.

The bill did not point out any part or portion of the will which was doubtful or uncertain or required construction, and the will was both simple in its provisions and as plain as language can make it. There was no equitable estate to be protected or equitable right to be enforced. There was no claim to an interest in the lands appearing in some legal form but which was, in fact, unfounded and might be shown by extrinsic evidence to be invalid or inequitable, and consequently no cloud on title was alleged.

The only purpose of the bill was to have a court of equity certify that Emma Y. McCarty had defeated the intention of the testator and had a legal title in fee simple, not against any existing estate claimed or held by anyone, but in view of the possibility of some future, uncertain event. It is error for a court to assume jurisdiction for such a purpose.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*