(No. 11351.—Reversed and remanded.)
AMY WARREN, Appellee, *vs.* JAMES WARREN *et al.*
Appellants.

*Opinion filed June 21, 1917.*

WILLS—*when court of equity will not assume jurisdiction of bill to construe will.* A court of equity will not assume jurisdiction of a bill to construe a will which is neither ambiguous nor uncertain, where there is no equitable estate to be protected or equitable right to be enforced, the bill being filed for the sole purpose of obtaining a decree that contingent remainders were destroyed by certain conveyances and that the complainant is entitled to a fee simple estate; and where the record shows there is no question of construction, an allegation that such question exists cannot give the court jurisdiction. (*McCarty* v. *McCarty,* 275 Ill. 573, followed.)

APPEAL from the Circuit Court of Mason county; the Hon. GUY R. WILLIAMS, Judge, presiding.

EDMUND P. NISCHWITZ, guardian *ad litem,* for appellants.

LYMAN LACEY, JR., for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Under the guise of a bill to construe the will of William Howarth the appellee brought a suit in chancery in the circuit court of Mason county for the purpose of procuring a decree that by virtue of certain conveyances the contingent remainders created by that will had been destroyed and that the complainant had become vested with the title in fee simple to the land devised. The complainant was the adopted daughter and only heir of William Howarth. The defendants to the bill were the husband and children and a grandchild of the complainant, the contingent remainder-men under the will. Answers were filed by the adult defendants, and a guardian *ad litem* was appointed for two of the defendants who were minors. The

cause was heard and a decree was rendered in accordance with the prayer of the bill, declaring the fee simple title to the premises devised to be vested in the appellee. This is an appeal prosecuted on behalf of the infant defendants by their guardian *ad litem,* and the errors assigned question the circuit court's jurisdiction of the subject matter of the suit.

William Howarth died in 1903 leaving a will, which was admitted to probate. His estate was fully settled by his executor. The will, after making some minor provisions not involved in this case, disposed of his property as follows:

"*Seventh*—I give and bequeath unto my wife, Mahala Howarth, and my adopted daughter, Amy Warren, in equal parts, share and share alike, the rents, profits, revenues and income of all my real estate in Mason county, Illinois, after there has been deducted from the gross amount of such rents, profits, revenues and income an amount necessary to pay the taxes and all other assessments and impositions that may be legally assessed or imposed on said real estate, to have and to hold the same to them for and during the term of their respective natural lives.

"*Eighth*—In the event of the death of my wife, Mahala Howarth, I direct that the entire rents, profits, revenues and incomes, after providing therefrom for the payment of said taxes and other assessments or impositions, shall be paid to said Amy Warren after the death of said Mahala Howarth.

"*Ninth*—In the event of the death of said Amy Warren, I direct that the net rents, profits, revenues and income of my real estate in Mason county, Illinois, or such part thereof which by the foregoing provisions of this my last will and testament is given to said Amy Warren, shall be paid to her husband, James Warren, if he shall survive her, from and after her death, during the minority of the children of said Amy Warren, and during such time as

the said Warren shall be chargeable with the support and maintenance of said children until such children shall respectively arrive at the years of their majority.

"*Tenth*—I direct that in the event of the death of any of the children of said Amy Warren without legal heirs, that the surviving children shall receive, in equal parts, the share of such deceased child or children.

"*Eleventh*—I give, devise and bequeath to the children of said Amy Warren that may survive her, all my real estate in Mason county, Illinois, to have and to hold the same, together with all the rents, uses, profits and revenues thereof, to them and their heirs forever, from and after the death of their mother, the said Amy Warren, and if any of the children of said Amy Warren shall have died leaving child or children surviving them, then such child or children shall receive, in equal parts, such part of my said real estate as would under the terms of this will be the part of the parent of such child or children.

"*Twelfth*—I give and bequeath to my wife, Mahala Howarth, and my adopted daughter, Amy Warren, in equal parts, share and share alike, all the residue of my personal estate, to have and to hold the same to them and their heirs forever."

Mahala Howarth, William Howarth's widow, having died on June 2, 1911, the appellee and her husband on October 23, 1914, for the purpose of merging the appellee's life estate in the reversion in fee which had descended to her as the sole heir of William Howarth and thereby extinguishing the contingent remainders created by the will, conveyed all the real estate in question to Harry Howarth, who the next day conveyed it back to appellee, who is in possession claiming to own the land in fee simple. The bill alleges that some of the defendants are contending that the appellee's only interest in the land is a life estate; that the remainders created by William Howarth's will are vested and not contingent; that it was not possible for

complainant to destroy them; that the ambiguities growing out of the language used in the will create a cloud on the complainant's title, and that it is necessary, in order to free the appellee's title to the premises from the clouds which are hanging over it, that the will of William Howarth be construed.

We held in the case of *McCarty* v. *McCarty,* 275 Ill. 573, that it was error for a court of equity to assume jurisdiction of a bill to construe a will which was neither ambiguous nor uncertain, where there was no equitable estate to be protected or equitable right to be enforced and no necessity for the exercise of any power of the court for the conservation, preservation, protection or betterment of the estate or the settlement of any real controversy between the parties, but where the bill was filed only for the purpose of obtaining a decree that contingent remainders had been destroyed and that the complainant had a legal title to the premises in fee simple. This is just such a case. There is no part of the will which is doubtful or requires construction.

The appellants' brief contains the proposition that technically there is no life estate in the appellee or her husband, for the reason that by the seventh clause of the will an implied trust is created, and that there is a vested remainder in the children of the appellee. These questions are not even debatable, and the court cannot acquire jurisdiction to construe a will by an allegation that a question requiring construction exists, when the record shows that there is no question.

The decision in the *McCarty case* is conclusive of this case, and the decree will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*