(No. 11896.—Decree affirmed.)

JOHN McCARTY *et al.* Defendants in Error, *vs.* EMMA Y. McCARTY *et al.*—(JOHN WESLEY McCARTY *et al.* Plaintiffs in Error.)

*Opinion filed June 20, 1918.*

WILLS—*contingent remainder destroyed by conveyance of life estate and reversion in fee.* Where a testator devises a life estate with a contingent remainder limited to take effect upon the death of the life tenant the reversion in fee descends to the heirs-at-law pending the vesting of the remainder, and a conveyance of the life estate and of the reversion in fee to the same person will destroy the life estate, which becomes merged in the fee and defeats the contingent remainder, which no longer has a particular estate to support it.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. GEORGE A. SENTEL, Judge, presiding.

W. THOMAS COLEMAN, guardian *ad litem,* for plaintiffs in error.

EDWARD C. CRAIG, DONALD B. CRAIG, and JAMES W. CRAIG, JR., for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

After the decree had been reversed and the cause remanded in *McCarty* v. *McCarty,* 275 Ill. 573, Emma Y. McCarty conveyed the real estate involved to John McCarty, William F. McCarty, Caroline McCarty, Laura F. McCarty Vance and Frances McCarty. John, William F., Caroline and Frances thereupon brought suit for partition in the circuit court of Douglas county against Laura F. McCarty Vance and John Wesley, Mary Josephine and Laura Carolyn, minor children of John McCarty. A decree was entered in accordance with the prayer of the bill and partition had. This writ of error has been sued out by the minor defendants, by their guardian *ad litem,* to review those proceedings.

The same question is now presented which was attempted to be raised in *McCarty* v. *McCarty, supra.* The language of the will relative to the land in controversy is as follows:

"After all my lawful debts are paid and discharged, I give and bequeath to my beloved wife, Emma Y. McCarty, in lieu of dower, the use during her life, while she shall remain my widow, of all of my property of every kind and nature, including both real estate and personal. If she shall re-marry, then immediately upon the happening of such event my estate to be divided, distributed and settled according to the laws of the State of Illinois relating to distribution and descent, the same as if I had died intestate. If she dies my widow, then at her death said estate to be divided into the number of equal shares required by the following provisions and to be distributed among my children surviving her, as follows:

"To my son John McCarty two of said shares, providing he has devoted his time and work to assist his mother in working and caring for the benefit of said estate. If he has not so worked and cared for said estate then he is to have one share, only.

"To my son William F. McCarty two of said shares on the same terms and conditions as last mentioned. In case said conditions are not fulfilled then he to have one share, only.

"To my daughter Laura F. McCarty one share. To my daughter Caroline one share. To my daughter Frances one share.

"If any of my said children die previous to my widow's death leaving children or a child, then such child's share to go to his or her child or children.

"I direct that my executors shall have power under this will to sell, transfer and deed any property, real or personal, as freely as I might do if living.

"I hereby empower my executors to give new mortgages upon any part of my property to renew or replace or take up any mortgage existing at the time of my death."

The contention of plaintiffs in error that under the will the legal title to the premises was placed in the executor, and that on this account the conveyances made are ineffective, was conclusively settled in the case of *McCarty* v. *McCarty, supra.*

Where a testator devises a life estate in lands and the remainder limited to take effect upon the death of the life tenant is contingent, the reversion in fee descends to the heirs-at-law pending the vesting of the remainder. A conveyance of the life estate and of the reversion in fee to the same person will operate to destroy the life estate, which becomes merged in the fee, and to defeat the contingent remainder, which no longer has a particular estate to support it. (*Bond* v. *Moore,* 236 Ill. 576; *Belding* v. *Parsons,* 258 id. 422; *Barr* v. *Gardner,* 259 id. 256; *Messer* v. *Baldwin,* 262 id. 48; *Smith* v. *Chester,* 272 id. 428.) These cases are decisive of the question presented here.

The decree of the circuit court is affirmed.

*Decree affirmed.*