(No. 14059.—Decree affirmed.)

RUTH M. CHERRY, Appellant, *vs.* WYNN MIGHELL *et al.*
Appellees.

*Opinion filed October 22, 1921.*

WILLS—*equity will not order conveyances for purpose of destroying contingent remainders so as to vest fee in minor.* A court of equity will not take jurisdiction of a bill filed by a minor devisee for the purpose of having the court order certain conveyances to be made so that contingent remainders created by the will may be destroyed and the fee be vested in the minor, as the law authorizing the destruction of contingent remainders is not regarded as being founded on natural justice, and equity will not take the initiative in applying the rule, even for the benefit of a minor.

APPEAL from the Circuit Court of Kendall county; the Hon. ADAM C. CLIFFE, Judge, presiding.

PEFFERS & WING, for appellant.

MIGHELL, GUNSUL & ALLEN, for appellee W. Mighell.

N. J. ALDRICH, and THEODORE WORCESTER, for other appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Kendall county sustaining a demurrer to a bill in chancery filed by Ruth M. Cherry, guardian of Lillian Emeline Cherry, a minor, and Ruth M. Cherry, individually, and dismissing the same for want of equity. The prayer of the bill in substance is, that a decree be entered authorizing and directing certain conveyances be made by or to certain parties for the purpose of destroying contingent remainders in real estate, in which the minor by the will of her father had a life estate in two-thirds of the land and her mother and guardian had a life estate in one-third of the land.

To state the facts out of which the litigation arises as briefly as possible, Clifford A. Cherry died testate January

23, 1917, leaving Ruth M. Cherry, his widow, and Lillian Emeline Cherry, his only child and heir-at-law. The will was refused probate by the probate court but was ordered admitted to probate on appeal to the circuit court. Letters testamentary were issued and the executor proceeded to administer the estate. In May, 1918, the widow was appointed guardian of the person and property of the minor child, who was then a little over three years old. In August, 1918, the minor child, by Wynn Mighell as next friend, filed a bill to contest the will on the ground of lack of testamentary capacity of the testator. That case has never been tried and the bill is still pending. The bill in this case was filed in January, 1921. It was demurred to by defendants. The demurrer was sustained and the bill dismissed. Ruth M. Cherry, as guardian and individually, prosecutes this appeal.

The bill is very lengthy and sets out as a part of it the bill filed by the minor, by her next friend, to contest the will of Clifford A. Cherry. We do not regard it as necessary to set out the bill or the will in detail in order to make clear the object and purpose of the bill. By his will the testator gave his widow a life estate in one-third of a considerable amount of real estate. He gave his child a life estate in two-thirds of said real estate and devised the remainder to her children if she died leaving children; if she left none, then he devised it to his heirs-at-law. The bill alleged Mrs. Cherry was willing to convey her life estate to the master in chancery or other person appointed by the court, upon proper provision being made for her support during her life by the child, which she asked the court to fix at $2000 per annum. The bill further asked that the guardian of the minor child be authorized and directed to execute and deliver proper deeds conveying the life estate and interest of the minor in the land to a person named or the master in chancery, and that she be authorized and directed to convey to such person the reversion in fee vested

in the minor under the will, and that after the conveyances of the life estates of the guardian and her ward, and the reversion in fee in the ward, the person to whom the conveyances were made be ordered and directed to immediately convey the land to the minor, and that $2000, annually, for the support and maintenance of the widow be decreed a lien and charge against the real estate, and that the minor be by the decree vested with the fee simple title, subject to the annuity to be paid the widow.

The theory of the bill is, that the remainders after the life estate are contingent; that it would be for the best interest of the minor to destroy them and vest her with the title in fee simple; that this might be done by voluntary action of the parties if they were adults; that infants are wards of the court of chancery; that the court will exercise general superintendence of the ward's interests for her benefit and should exercise its jurisdiction to do for the benefit of the minor what adults may do by their voluntary action. Appellant's counsel say the bill asks the court to make an election whether the suit to contest the will shall be prosecuted or whether it will authorize and direct the destruction of the contingent remainders in the manner prayed, thereby accomplishing the same object,—the defeat of the will,—as would a successful termination of the suit to contest it. The bill alleges that the prosecution of the contest suit would require a long time to reach the end and cost large sums of money, which would come out of the minor's estate, and the result of the litigation or which side would win cannot be anticipated with any degree of certainty.

We have held that a court of equity will not entertain jurisdiction of a bill filed for the sole purpose of having the court declare that contingent remainders had been destroyed. (*McCarty* v. *McCarty,* 275 Ill. 573; *Warren* v. *Warren,* 279 id. 217.) Those cases are not precisely in point here, but the rule announced in them is not entirely

299—27

inapplicable. In those cases it was sought to have the court decree that the parties themselves, being *sui juris,* had by their voluntary action destroyed contingent remainders. Here, because the party in whose interest it is sought to destroy contingent remainders is a minor, the court is asked to destroy them. We have repeatedly, when the question was presented in a proper case and manner, given effect to and applied the common law rule that by the termination of the particular estate of freehold and merging it with the reversion in fee contingent remainders were destroyed. That rule is a heritage of the common law of England and has been applied and enforced only when the acts of the parties brought themselves within it. In no case has the court undertaken to itself destroy contingent remainders by authorizing or ordering and directing the parties to do the acts necessary to effect the object. If the parties interested in that object are under no disability it is discretionary with them whether they will invoke the rule, and they, of course, could not be compelled to do so.

Appellant argues that unless she is granted the relief prayed for, it will amount to a denial to the minor of the privilege of securing benefits which adults under the same circumstances are permitted to enjoy. The destruction of contingent remainders operates to defeat the purpose and intention of the testator. This result is not because the creation of contingent remainders is inequitable or unjust or contrary to good morals or public policy, but is the effect of a rule of law adopted by courts. While this court has applied that rule, its application was never made on the theory that equity and good conscience required it. To destroy a contingent remainder requires such acts of beneficiaries of a testator's bounty as will not only destroy benefits the testator intended other objects of his bounty should enjoy, but gives the party thus acting the benefits intended for others. Even though the destruction of contingent remainders is a legal right of adults and the exercise of the

right will not be interfered with by a court of equity, there is no equitable principle or ground upon which the court may be called upon to take the initiative itself and authorize, order and direct the performance of the acts necessary to defeat the objects and purpose of the testator by destroying contingent remainders he devised by his will. Even the fact that the person in whom the right exists is a minor, and the further fact that the destruction of the interests of other devisees would be in the interest of and for the benefit of the minor, cannot afford valid reason why a court of equity should have the power to so act for the benefit of the minor, for if the court had and should so exercise its powers to benefit the minor, by the same act it would commit a gross injustice to others, taking from them what rightly belongs to them under the will and giving it to the minor. The powers and jurisdiction of a court of equity cannot be called into exercise on such grounds and for such purposes. The rule of law authorizing the destruction of contingent remainders is not regarded as having its foundation on principles of natural justice, and the legislature at its last session passed an act "that no future interest shall fail or be defeated by the determination of any precedent estate or interest prior to the happening of the event or contingency on which the future interest is limited to take effect." (Laws of 1921, p. 470.)

We see no obstacle in the way of appellant causing the suit to contest the will to be dismissed if she as guardian so desires, or, if she wishes, she may prosecute it, and we do not apprehend the court in which the case is pending will permit her right in this respect to be interfered with, but the chancellor correctly decided that she was not entitled to the aid of a court of equity to enable her to accomplish the objects for which the bill was filed.

The decree is affirmed.          *Decree affirmed.*