## STEWART *v.* VIRGINIA.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

Submitted April 5, 1886.—Decided April 12, 1886.

A proceeding under the acts of the Legislature of Virginia for the identification and verification of coupons tendered in payment of taxes, debts, or demands due the State is not a suit of a civil nature arising under the Constitution or laws of the United States, within the meaning of the act of March 3, 1875, regulating removals of causes.

The plaintiff in error owed the State of Virginia $3807 for taxes for the year 1885. He tendered the State's tax-receivable coupons in payment thereof for identification and verification under the provisions of the act of January 14, 1882, and at the same time he paid his tax in money. He thereupon filed his

petition in the County Court of Henrico County, praying that a jury might be empaneled to try whether his coupons were genuine coupons, legally receivable for taxes. The Commonwealth having been summoned to answer this petition, at the first term at which the cause could be tried, he filed his petition praying for a removal of the case to the Circuit Court of the United States, as a case arising under the Constitution of the United States. The ground of removal set out in the petition was as follows:

"And your petitioner states that the said suit is one arising under the Constitution of the United States in this, to wit, that it is a proceeding under the act of Assembly of the State of Virginia, approved January 14th, 1882, entitled 'An Act to prevent frauds upon the Commonwealth and the holders of her securities in the collection and disbursement of Revenues,' as amended by an act of Assembly of the said State approved March 12th, 1884, entitled 'An Act to amend and re-enact section 1 of an act approved January 14th, 1882,' &c., the said acts providing for the identification and verification of certain coupons issued by the State of Virginia which she contracted to receive in payment of all taxes, debts, and demands due her.

"That by an act of the General Assembly of the State of Virginia approved March 15th, 1884, entitled 'An Act to provide for the assessment of taxes on persons, property, and income,' &c., the collectors of taxes due to said State are forbidden to receive said coupons in payment of a certain proportion of said taxes; that this last-mentioned act is repugnant to section 10, article 1, of the Constitution of the United States, and is therefore null and void; that it is necessary in the trial of the before-mentioned suit for the court trying the same to pass upon the validity and constitutionality of the said last-mentioned act, for the reason that your petitioner, previous to the commencement of said suit, had tendered said coupons in payment of all their taxes, including that part thereof which said act forbids to be paid in said coupons, and the purpose of said suit is to recover that part of said taxes as well as the other part thereof; that this cause could not have

been tried before the present term of this court, and that the same has not yet been tried."

The case was removed to the Circuit Court, and thence remanded by the Circuit Court to the State Court. This writ of error was sued out to review that judgment.

*Mr. William L. Royall* and *Mr. A. B. Guigon* for plaintiff in error.

*Mr. R. A. Ayers,* Attorney General of Virginia, for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The order remanding this case is affirmed. A proceeding under the act of Assembly of Virginia, approved January 14, 1882, *Antoni* v. *Greenhow*, 107 U. S. 771, as amended by the act of March 12, 1884, for the " identification and verification" of coupons tendered in payment of taxes, debts, or demands due the State, is not a suit of a civil nature arising under the Constitution or laws of the United States within the meaning of the act of March 3, 1875, 18 Stat. 470, ch. 137. The only purpose of such a proceeding is to determine whether the coupons tendered " are genuine, legal coupons, which are legally receivable for taxes, dues and demands." The court has nothing to do in that proceeding with the obligation of the State to receive the coupons in payment of the particular tax or demand for which they were tendered. The tender being made, it becomes the duty of the collector, under the law, to receive and receipt for the coupons " for the purpose of identification and verification," and to deliver them to the judge of the proper court to that end. The tax-payer then files his petition praying " that a jury be impaneled to try the question as to whether they are genuine, legal coupons, which are legally receivable for taxes, debts and demands." This is the only issue that can be tried, and if finally decided in favor of the taxpayer, the coupons are to be received by the collector for such of the taxes, dues and demands for which they were tendered as can, under the contract of the State, be paid in that way.

The court has no authority under the law to determine in that proceeding what taxes may be so paid. It thus appears that the issue to be tried cannot involve any question arising under the Constitution or laws of the United States.

*Affirmed.*