(No. 11866.—Reversed and remanded.)

CAROLINE I. GREENOUGH, Defendant in Error, *vs.* PEARL GREENOUGH *et al.* Plaintiffs in Error.

*Opinion filed June 20, 1918—Rehearing denied October 2, 1918.*

1. WILLS—*when the word "heirs" cannot be construed to mean "children"—rule in Shelley's case.* A devise to the testator's daughter for and during her natural life and at her death to her heirs forever is clearly within the rule in *Shelley's case,* and where there is nothing in the context of the will to indicate that the word "heirs" is not used in its technical sense the word cannot be construed to mean "children."

2. SAME—*a court of equity cannot assume jurisdiction to construe a will which is not ambiguous.* A court of equity will not assume jurisdiction of a bill to construe a will which is neither ambiguous nor uncertain or where there is no equitable estate to be protected or equitable right to be enforced, and the court cannot acquire such jurisdiction by allegations that a question requiring construction exists, when the record shows no such question.

3. SAME—*when court of equity will not take jurisdiction to remove a cloud.* A cloud upon a title is a claim, apparently valid, which may be removed by extrinsic evidence, and equity will not take jurisdiction to remove a cloud on a title under a will where there is no defect in the title except what is apparent on the face of the will, nor where the alleged cloud consists of mere verbal claims of parties against an owner in possession.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

J. B. WOLFENBARGER, for plaintiffs in error.

MANSFIELD & COWAN, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

This writ of error was sued out to review a decree of the circuit court of Peoria county on a bill to construe a will and to remove a cloud.

The bill was filed by Caroline I. Greenough, defendant in error, against Pearl Greenough, Gertrude Greenough and Mamie Holt, her daughters, and Harry Holt, husband of

Mamie Holt. The will which the bill sought to have construed is that of Major Bohanan, who died in Peoria county September 23, 1884. The only clauses in the will claimed by either party to have any bearing upon the matters involved in this suit are the following:

"*Fourth*—I give and devise to my daughter Sarah Ann Clinch, wife of Thomas Clinch, her heirs and assigns forever, the northwest quarter of the southeast quarter of section thirty-four (34), township nine (9), north, range six (6), east of the 4th P. M., in said county of Peoria, containing forty (40) acres, more or less.

"*Fifth*—I give and devise to my daughter Mary Eliza Calkins, wife of Isaac Calkins, her heirs and assigns forever, the southeast quarter of the southwest quarter of section thirty-three (33), township nine (9), north, range six (6), east of the 4th P. M., in said county of Peoria, containing forty (40) acres, more or less.

"*Sixth*—I give and devise to my daughter Alvira D. Patten, wife of Samuel S. Patten, her heirs and assigns forever, the south half of the north half of the southwest quarter of section thirty-three (33), in township nine (9), north, range six (6), east of the 4th P. M., containing forty (40) acres, more or less, in said county of Peoria.

"*Seventh*—I give and devise to my daughter Adeline Greenhalch, wife of William Greenhalch, her heirs and assigns forever, the north half of the north half of the southwest quarter of section thirty-three (33), in township nine (9), north, range six (6), east of the 4th P. M., containing forty (40) acres, more or less, in said county of Peoria.

"*Eighth*—I give and devise to my daughter Caroline Greenough, wife of George Greenough, the southwest quarter of the southwest quarter of section thirty-three (33), township nine (9), north, range six (6), east of the 4th P. M., containing forty (40) acres, more or less, in the county of Peoria, to have and to hold the same to her for and during her natural life, and at her death I give and

284 — 27

devise the said tract unto the heirs of the said Caroline Greenough forever."

The will was probated October 7, 1884, and defendant in error has occupied the premises continually from that time until the filing of her bill, December 29, 1916.

It is alleged in the bill that there is doubt and uncertainty concerning the true and correct legal construction to be given to the eighth clause of the will; that there is a controversy between plaintiffs in error and defendant in error as to their respective rights and interests in said land, and that therefore it is necessary to have a construction and interpretation of the will by the court to determine whether defendant in error is the owner of a life estate or of an estate in fee simple. It is also averred the verbal claim of her three daughters that she has only a life estate constitutes a cloud upon her title, which she alleges to be a fee.

The joint answer of plaintiffs in error avers that defendant in error went into possession of the premises on March 4, 1885, as owner and claimant of a life estate, only, and recognizing that her daughters were the owners of the fee in remainder. The answer further avers that the plaintiffs in error have asserted and claimed to own said land, the remainder in fee, with full knowledge of defendant in error; that the words, "heirs of the said Caroline Greenough," in the eighth clause, should be interpreted to mean children of said Caroline Greenough, and not otherwise, and that therefore defendant in error only owned a life estate and plaintiffs in error owned the fee in remainder. The answer further sets up that the bill is barred by *laches.*

The master heard the evidence and rendered a report sustaining the bill and recommended the relief prayed. Objections were overruled to his report and were ordered to stand as exceptions to the same. On final hearing the court overruled the exceptions and entered a decree confirming the report of the master and granting the relief prayed. The case was then re-referred to the master to take proofs

concerning the taxing of costs, including a solicitor's fee, and to report his recommendations to the court. The master heard the evidence and reported, recommending that all costs be taxed against the defendants but that the same should not include solicitor's fees. The decree was entered in conformity with that report.

We are met at the threshold of this case with the contention of plaintiffs in error that the court was without jurisdiction to entertain the bill to construe the will because the same is free from any doubt or uncertainty and contains no ambiguous language whatever, and for the further reason that a bill will not lie to remove a supposed cloud upon a title the basis of which is a verbal claim to an adverse interest. Defendant in error concedes, and even argues in many places in her brief, that the will is plain in its terms and that there is no ambiguity, doubt or uncertainty expressed therein. However, plaintiffs in error assert that the will clearly and unequivocally devises a life estate to defendant in error with remainder in fee to plaintiffs in error, while defendant in error claims that she takes by the will a full fee simple title to the tract under the rule in *Shelley's case.* We are forced to agree with the contentions of the one and the concessions of the other that there is no ambiguity, doubt or uncertainty in the terms of clause 8 of the will. By that clause the testator gives and devises to defendant in error said tract of land, to have and to hold the same for and during her natural life, and at her death he gives and devises the same unto the heirs of defendant in error forever. It is difficult to conceive of a case more clearly calling for the application of the rule in *Shelley's case.* That rule has been clearly expressed and frequently applied by this court. (*Johnson* v. *Buck,* 220 Ill. 226; *Winter* v. *Dibble,* 251 id. 200; *Smith* v. *Smith,* 254 id. 488.) The word "heirs," as used in the eighth clause, cannot be construed to mean "children," as contended by plaintiffs in error, as it nowhere appears in the context that the techni-

cal word "heirs" was not used in its technical sense. *Crabtree* v. *Dwyer*, 257 Ill. 101.

A court of equity will not assume jurisdiction of a bill to construe a will which is neither ambiguous nor uncertain, where there is no equitable estate to be protected or equitable right to be enforced. The question whether or not defendant in error was devised a life estate or an estate in fee simple is not a debatable one. She was as clearly entitled, under the will, to an estate in fee simple as were any one of the other devisees in the tracts devised to them in the other clauses of the will. The court cannot acquire jurisdiction to construe a will by allegations that a question requiring construction exists when the record shows that there is no such question. (*Warren* v. *Warren,* 279 Ill. 217; *McCarty* v. *McCarty,* 275 id. 573.) Neither can mere verbal claims of parties against an owner in possession be regarded as constituting a cloud on his title and as giving a court of equity jurisdiction to remove the cloud. A cloud upon a title is a claim, apparently valid, which may be removed by extrinsic evidence, and equity will not take jurisdiction to remove a cloud on a title under a will where there is no defect in the title except what is apparent on the face of the will. *McCarty* v. *McCarty, supra.*

It is not necessary to discuss the question of *laches* or other questions argued in the briefs. The court clearly had no jurisdiction to entertain this bill under the authority conferred by section 50 of chapter 22 of our statutes as amended in 1911, and it is not even contended that there was any authority that did confer jurisdiction other than that section. It is practically admitted that there is no such authority. As the court was without jurisdiction to hear the cause no question of estoppel or of *laches* can arise.

The court having erroneously exercised jurisdiction the decree must be reversed, and the decree is reversed and the cause is remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.* .