## WILLING ET AL. *v.* CHICAGO AUDITORIUM ASSOCIATION.

No. 561.   Argued April 19, 20, 1928.—Decided May 21, 1928.

*Mr. Charles Evans Hughes,* with whom *Messrs. Samuel Topliff* and *Homer H. Cooper* were on the brief, for petitioners.

The law of the State must determine the respondent's title, or whether the title is clouded. *Guffey* v. *Smith,* 237 U. S. 101; *Holland* v. *Challen,* 110 U. S. 15; *Clark* v. *Smith,* 13 Peters, 195; *Pusey & Jones Co.* v. *Hanssen,* 261 U. S. 491.

Under the law of Illinois, doubtful provisions in an owner's muniment of title and oral hostile assertions by an adverse claimant, do not constitute a cloud upon that title. *McCarty* v. *McCarty*, 275 Ill. 573; *Greenough* v. *Greenough*, 284 Ill. 416; *Rigdon* v. *Shirk*, 127 Ill. 411; *Buckner* v. *Carr*, 302 Ill. 378; *Warren* v. *Warren*, 279 Ill. 217; *First Congregational Church* v. *Page*, 257 Ill. 472; *Glos* v. *People*, 259 Ill. 332. See *Devine* v. *Los Angeles*, 202 U. S. 313.

Bills to remove clouds presuppose the validity and existence of a plaintiff's own title, and are directed exclusively against the alleged invalid claim of a defendant, to be shown invalid by facts extrinsic to the plaintiff's own recorded evidence of title. *Wehrman* v. *Conklin*, 155 U. S. 314; *Lawson* v. *U. S. Mining Co.*, 207 U. S. 1; *Phelps* v. *Harris*, 101 U. S. 370.

The case set up by the respondent is not embraced within any principle or head of equity jurisprudence, and is an application for a declaratory decree not within the judicial function. The essential elements of a justiciable case or controversy, over which the jurisdiction of courts of the United States extends, have been stated in *Muskrat* v. *United States*, 219 U. S. 346; *United States* v. *Hamburg-Amerikanische Co.*, 239 U. S. 466; *United States* v. *Alaska Steamship Co.*, 253 U. S. 113; *New Jersey* v. *Sargent*, 269 U. S. 328.

Changing circumstances, or hardships, or lack of commensurate return, do not excuse nonperformance of the covenants in leases, and, since petitioners are not in the least responsible for the creation or development of these conditions, if existent, such conditions are not legal wrongs for which respondent has any remedy against petitioners. *Ingle* v. *Jones*, 2 Wall. 1; *Sheets* v. *Selden*, 7 Wall. 416; *Blake* v. *Pine Mt. Iron & Coal Co.*, 76 Fed. 624; *Postal Telegraph Co.* v. *Western Union*, 155 Ill. 335.

Illinois has no declaratory judgment or other statute under which jurisdiction can be sustained. This suit, upon the same considerations, would fail in the state courts. *Seely* v. *Baldwin*, 185 Ill. 211; *Paine* v. *Doughty*, 251 Ill. 396; *Prather* v. *Lewis*, 287 Ill. 304.

A declaratory judgment remedy can not be applied by the federal courts. *Liberty Warehouse Co.* v. *Grannis*, 273 U. S. 70.

There can be no substitution of equitable for legal remedies, whereby the constitutional right of trial by jury in actions at law is impaired. *L. & N. R. R. Co.* v. *Western Union*, 234 U. S. 369.

Where the plaintiff's own title is doubtful, a bill in equity to remove alleged clouds therefrom will not lie. *Phelps* v. *Harris*, 101 U. S. 370; *Frost* v. *Spitley*, 121 U. S. 552; *Wehrman* v. *Conklin*, 155 U. S. 314; *Seely* v. *Baldwin*, 185 Ill. 211; *Prather* v. *Lewis*, 287 Ill. 304.

The petitioners were wrongfully prevented from litigating in the courts of the State by the erroneous refusals of the federal courts to remand the case.

There is no separable, removable controversy unless there is a separate and distinct cause of action as to the defendants seeking removal, which can be decided as between them and the plaintiff in the absence of all other defendants. *Torrence* v. *Shedd*, 144 U. S. 527; *Fraser* v. *Jennison*, 106 U. S. 191; *Ayres* v. *Wiswall*, 112 U. S. 187; *Wilson* v. *Oswego Township*, 151 U. S. 56.

Where the right to remove is doubtful, the federal courts uniformly remand. *Thomas* v. *Delta Land & Water Co.*, 258 Fed. 758; *Boykin* v. *Morris Fertilizer Co.*, 257 Fed. 827; *Hansen* v. *Pacific Coast Asphalt Cement Co.*, 243 Fed. 283.

It becomes the duty of a federal court, at whatever stage of litigation it discerns that federal jurisdiction is lacking in a removed case, to remand it to the state

court. *Minnesota* v. *Northern Securities Co.*, 194 U. S. 48; *Graves* v. *Corbin,* 132 U. S. 571; *Torrence* v. *Shedd,* 144 U. S. 527.

*Mr. Walter L. Fisher,* with whom *Messrs. Wm. C. Boyden* and *Wm. W. Case* were on the brief, for respondent.

When there is a legal right to the beneficial use of property, when obstacles prevent the present enjoyment of that right, when the decree of a court of equity would in fact remove those obstacles without violation of rights of private individuals or of any principles of public policy, and when the courts of law afford no adequate remedy, the jurisdiction of equity is complete.

The doctrine that a right is not cognizable by courts of justice unless controverted, if possessed of general validity for any purpose, pertains to the canons of the common law rather than to equity. Trustees are constantly applying to the court for instructions, not because the defendants disagree with them about the performance of their duties, but to protect themselves against the possibility of any such claim at some future time. In suits to establish title, or to remove clouds on title, equity regularly intervenes to protect the rights of a plaintiff about which no controversy exists. The owner of a title acquired by adverse possession, the evidence of which is not a matter of record and might be lost, is entitled to a decree establishing his title as against the holder of the patent title, even though such holder may have entirely abandoned the property. The jurisdiction does not depend at all on any adverse claim by the defendant. See *Sharon* v. *Tucker,* 144 U. S. 533.

In an ordinary foreclosure suit, parties are joined as defendants on the mere allegation that they have or claim some junior interest in the property. Such a defendant may file a disclaimer, but he cannot sustain a demurrer

to the bill on the ground that it fails to show any assertion on his part of an adverse claim. The apprehension that he might make a claim, and the right of the plaintiff to the enjoyment of the property free and clear from any possibility of such claim, is all that is needed to enable the court to enter a decree against him.

While the present case does in fact disclose a wrong, consisting of unfounded assertions made before suit was begun and reiterated in pleading and by argument during its progress, we do not believe that equitable jurisdiction is conditioned by the assertion or existence of any such wrong. The ownership of property includes a right to its beneficial use; that right is coeval with the ownership and does not come into being for the first time when somebody disputes it; and it is one of the ordinary and most useful functions of equity to render such a right available by the removal of obstacles to its enjoyment. The utmost that can be required is that there must be in fact a real obstacle to the free enjoyment of the right. Cf. *Gavin* v. *Curtin,* 171 Ill. 640; *Fulwiler* v. *McClun,* 285 Ill. 174.

It is a grave error to picture equity as a congeries of stereotyped forms of action outside of which its remedial powers cannot operate. The issue thus raised goes to the very foundation of equitable jurisdiction.

If the bill must bear a label already in stock, the suit can best be described as one to remove cloud on title, or as a bill in the nature of a bill to remove cloud from title. *Holland* v. *Challen,* 110 U. S. 15; 32 Cyc. 1308; 18 Har. L. Rev, 528; *McArthur* v. *Hood Rubber Co.,* 221 Mass. 372.

As for the alleged effect of Illinois law, the authorities only go to the extent of holding that a state statute enlarging the jurisdiction to remove cloud on title creates a substantive right which may be enforced in a federal court; they lend no countenance to the claim that state

courts or even state legislatures can in any manner narrow the definition of a cloud on title so as to cut down the inherent jurisdiction of the federal courts with respect to the removal thereof. *McConihay* v. *Wright*, 121 U. S. 201; *Guffey* v. *Smith*, 237 U. S. 101; *Holland* v. *Challen*, 110 U. S. 15; *Clark* v. *Smith*, 13 Pet. 195; *Pusey & Jones Co.* v. *Hanssen*, 261 U. S. 491.

It is one thing to say that an impediment of some particular sort is not one which, standing alone, equity will assume jurisdiction to remove, and quite another to say that equity cannot remove it as a part of the relief to which a suitor is justly entitled. With this distinction kept in view, we think it easy to show that the remedy sought in the present suit would have been accorded by the Illinois courts. *Parker* v. *Shannon*, 121 Ill. 452; *Seely* v. *Baldwin*, 185 Ill. 211; *Greenough* v. *Greenough*, 248 Ill. 416; *Harrison* v. *Owsley*, 172 Ill. 629; *Buckner* v. *Carr*, 302 Ill. 378; *McCarty* v. *McCarty*, 275 Ill. 573; *Warren* v. *Warren*, 279 Ill. 217; *Fulwiler* v. *McClun*, 285 Ill. 174.

Equity is not prevented from assuming jurisdiction of a meritorious case merely because it involves features which, when isolated, have been pronounced insufficient in themselves to warrant the exercise of jurisdiction. *Truax* v. *Raich*, 239 U. S. 33; *Terrace* v. *Thompson*, 263 U. S. 197; *Packard* v. *Banton*, 264 U. S. 140; *Hygrade Provision Co.* v. *Sherman*, 266 U. S. 497; *Ohio Tax Cases*, 232 U. S. 576; *Shaffer* v. *Carter*, 252 U. S. 37; *Risty* v. *Railway Co.*, 270 U. S. 378.

As to oral assertion of adverse claims: That equity has no inherent jurisdiction merely to construe deeds or interpret contracts is a proposition which may be accepted as axiomatic. That mere verbal assertions of an adverse claim are not enough, without further incident, to create a removable cloud, is a proposition generally true. What gives equity jurisdiction to construe deeds or contracts in-

volving only legal titles is an actual emergency in which its aid is indispensable to assure to an owner the beneficial use of his property, and " mere verbal assertions " will not call equity into action unless they relate to a similar situation. *Thompson* v. *Emmett Irrigation District,* 227 Fed. 560; *Oman* v. *Bedford-Bowling Green Stone Co.,* 134 Fed. 64; *Lovell* v. *Marshall,* 162 Minn. 18; *Slegel* v. *Herbine,* 148 Pa. St. 236.

That there was affirmative assertion of adverse claim is shown by this record.

Illustrations of removal of clouds on title: *N. Y. & N. H. Ry Co.* v. *Schuyler,* 17 N. Y. 502; *Stebbins* v. *Perry County,* 167 Ill. 567; *Levy* v. *S. H. Kress & Co.,* 285 Fed. 836; *Blair* v. *Chicago,* 201 U. S. 400; *Holland* v. *Challen,* 110 U. S. 15; *Parker* v. *Shannon,* 121 Ill. 452; *Sharon* v. *Tucker,* 144 U. S. 533; *Contee* v. *Lyons,* 19 Sup. Ct. D. C. 207; *Walker* v. *Converse,* 148 Ill. 622; *Atchison Ry. Co.* v. *Stamp,* 290 Ill. 428; *McArthur* v. *Hood Rubber Co.,* 221 Mass. 372; *Rector* v. *Rector,* 201 N. Y. 1, 130 App. Div. 166.

Given a primary right to the beneficial use of property, and an obstacle to its present enjoyment which would in fact be removed by an appropriate decree, the lack of adequate remedy at law is the sole and sufficient criterion of equitable jurisdiction. 1 Pomeroy, Eq. Jur., § 111; *Toledo Ry. Co.* v. *Pennsylvania Co.,* 54 Fed. 746; *Dodge* v. *Cole,* 97 Ill. 338.

Waiting until somebody else chooses to start a lawsuit in this case is not an adequate remedy at law. Modern jurisprudence does not require parties to hazard their entire fortunes upon the correctness of their lawyers' opinions. *Nat'l Bank* v. *Carpenter,* 101 U. S. 567; *Ex parte Young,* 209 U. S. 123; *Wadley Southern Ry. Co.* v. *Georgia,* 235 U. S. 651; *Oklahoma Operating Co.* v. *Love,* 252 U. S. 331; *Terrace* v. *Thompson,* 263 U. S. 197; *Porterfield* v. *Webb,* 263 U. S. 225; *Webb* v. *O'Brien,* 263

U. S. 313; *Fick* v. *Webb*, 263 U. S. 326; *Pierce* v. *Society of Sisters*, 268 U. S. 510. Waiting to be sued is not an adequate remedy for a cloud on title. *Voss* v. *Murray*, 50 Oh. St. 19; *Holland* v. *Challen*, 110 U. S. 15; *Bank* v. *Stone*, 88 Fed. 383; *Fredenberg* v. *Whitney*, 240 Fed. 819; *Schwab* v. *St. Louis*, 310 Mo. 116; *Slegel* v. *Harbine*, 148 Pa. St. 236.

As for declaratory judgments, it is doubtless true that courts ordinarily refuse to enter judgments declaring rights with respect to which no present cause or controversy exists; but this doctrine does not affect the jurisdiction of equity to remove clouds from title.

The complicated problems incident to modern social, commercial, and industrial development often· make it very important that the rights of parties be settled before they are directly involved in litigation. Generally the courts have not shirked the task when the necessity·of an adjudication was sufficiently urgent, but they have been and are naturally reluctant to take jurisdiction of questions of a remote or speculative character, and they have not always been at one about the degree of vexatiousness that will warrant such intervention.

As to removability, separable controversy and indispensable parties: *Barney* v. *Latham*, 103 U. S. 205; *Fraser* v. *Jennison*, 106 U. S. 191; *Russel* v. *Clarke's Executors*, 7 Cranch 69; *Shields* v. *Barrow*, 17 How. 130; *Sioux City Co.* v. *Trust Co.*, 82 Fed. 124; *Williams* v. *Bankhead*, 19 Wall. 563; *Raphael* v. *Trask*, 194 U. S. 272; *Brown* v. *Trousdale*, 138 U. S. 389; *Kendig* v. *Brown*, 97 U. S. 423; *St. Louis· Ry. Co.* v. *Wilson*, 114 U. S. 60; *Crump* v. *Thurber*, 115 U. S. 56; *Hagan* v. *Walker*, 14 How. 29; *Wood* v. *Dummer*, 3 Mason 308; *Greene* v. *Sisson*, 10 Fed. Cas. No. 5768; *Tobin* v. *Walkinshaw*, 23 Fed. Cas. No. 14068; *Martin* v. *Fort*, 83 Fed. 19; *Wilson* v. *Oswego Township*, 151 U. S. 56; *Construction Co.* v. *Cane Creek Township*, 155 U. S. 283; *Salem Trust Co.* v. *Mfrs.*

Finance\ Co., 264 U. S. 182; Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33; Bitterman v. Louisville R. R. Co., 207 U. S. 205; Elder v. Western Mining Co., 237 Fed. 966; Graves v. Ashburn, 215 U. S. 311; Commodores Point Terminal Co. v. Hudnall, 283 Fed. 150; Schell v. Leander Clark College, 2 F. (2d) 17; Pirie v. Tvedt, 115 U. S. 41; L. & N. R. R. Co. v. Ide, 114 U. S. 52; Alabama Southern R. R. Co. v. Thompson, 200 U. S. 206; Illinois Central R. R. Co. v. Sheegog, 215 U. S. 308; Chicago, R. I. & P. Ry. Co. v. Dowell, 229 U. S. 102; Hay v. May Stores, 271 U. S. 318; Geer v. Mathiesen Alkali Works, 190 U. S. 428; Bacon v. Felt, 38 Fed. 870; Venner v. Southern Pacific Co., 279 Fed. 832; Field v. Lownsdale, 9 Fed. Cas. No. 4769; Goodenough v. Warren, 10 Fed. Cas. No. 5534; Goldsmith v. Gilliland, 24 Fed. 154; Stanbrough v. Cook, 38 Fed. 369; Bates v. Carpentier, 98 Fed. 452; Carothers v. McKinley Mining Co., 116 Fed. 947; N. C. Mining Co. v. Westfeldt, 151 Fed. 290; McMullen v. Halleck Cattle Co., 193 Fed. 282; Winfield v. Wichita Natural Gas Co., 267 Fed. 47; Old Dominion Oil Co. v. Superior Oil Corp'n, 283 Fed. 636; Davidson v. Montana-Dakota Power Co., 22 F. (2d) 688.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This suit, which was begun in a state court of Illinois by the Chicago Auditorium Association, is said to be in the nature of a bill to remove a cloud upon title. All of the parties except a few of the defendants are citizens of Illinois. These claimed that as to them there was a separable controversy, and they secured a removal of the whole cause to the federal court for northern Illinois. There Willing and other defendants moved to dismiss on the ground that the bill was not within the jurisdiction of a court of equity and that the court " is without jurisdiction of the subject matter of the case, made or at-

tempted to be made by the bill." The court was of opinion that the case presented questions which should be determined only upon answers and proofs; denied the motions to dismiss, without prejudice to any question raised by either party touching the motions; and directed the defendants to answer. After hearing the case fully on the evidence, the District Court dismissed the bill " for want of equity jurisdiction in the court to grant any relief upon the pleadings and the evidence, but without prejudice to whatever rights the plaintiff may have . . . when asserted in any appropriate proceeding or otherwise." 8 F. (2d) 998.

The Circuit Court of Appeals held that the suit was cognizable in a court of equity as one to remove a cloud upon title; and it reversed the decree with direction to the District Court to hear the evidence and determine the issues involved, 20 F. (2d) 837. This Court granted a writ of certiorari, 275 U. S. 519. Motions by Willing and others to remand the case to the state court had been made in the District Court on the ground that the controversy involved was single and entire as to all the defendants. The motions, which that court denied, were renewed in the Circuit Court of Appeals and again denied. We have no occasion to consider whether the alleged controversy was separable. For we are of opinion that the proceeding does not present a case or controversy within the range of judicial decision as defined in Article III of the Federal Constitution.

The facts alleged and proved are these: The Association, an Illinois corporation, was organized in 1886 for the purpose of constructing and maintaining in Chicago a building containing a large auditorium, galleries for exhibition of works of art, offices and other rooms; to provide thereby and otherwise, for the cultivation of music, the drama and the fine arts, and for holding in Chicago political and other conventions; and to use the premises

for any and all purposes of profit. To this end, the Association became, in 1887, the ground lessee of five adjacent parcels of land for the term of 99 years, under five separate, substantially similar indentures. Three of the leases were later extended to the year 2085. On this land the Association built, before 1889, the single monumental structure now standing, known as the Auditorium Building, which contains, besides the auditorium, a recital hall, studios, a hotel, and many business offices. The cost of construction and maintenance was defrayed by stock issues aggregating $2,000,000, and by issues of bonds of which $1,375,000 are outstanding.

The building is now in fairly good condition, and continues to serve well the purposes for which it was constructed. The payments of rent and interest have been made regularly. Thus neither the public, the landlords, nor the bondholders have cause for dissatisfaction. But, for the stockholders, the investment has never been financially remunerative. In forty years only one dividend has been paid; and that was one and a half per cent. Considered as a financial investment, the building is now obsolete in design; and it is incapable of alteration without unjustifiable expense. The highest and best use of the property for the financial gain of the tenant would now be the replacement of this structure by a modern one adapted for business. The Association desires to erect a large modern commercial building of greatly increased height, the cost of which may be as much as $15,000,000. Appropriate changes in its charter powers have been made. Recently some of the stock has been acquired by the President of the corporation at a small fraction of its par value.

There is no provision in the leases which in terms gives the Association the right to tear down this building and erect another in its place. It may be that the building, as and when constructed, became, and now is, property

of the lessors. Compare *Kutter* v. *Smith*, 2 Wall. 491; *Bass* v. *Metropolitan West Side Elevated Railway Co.*, 82 Fed. 857. The leases contain certain provisions which may be construed as denying, by implication, any right to tear down the building even to replace it by a better one. They declare that the building is security for payment of rent and for the performance of all other covenants imposed upon the tenant; that the tenant shall "keep the building situated upon said demised premises . . . in good repair, and in a safe and secure condition, . . . and all rooms in said building in a good, safe, clean and tenantable condition and repair during the entire term of this lease"; that the tenant shall rebuild or repair the building, in event of damage or destruction by fire, upon the same plan as was followed in the original structure or upon such other plans as are approved by the lessors; and that the landlords shall pay the tenant the appraised value of the improvements at the end of the term.

Counsel for the Association are of opinion that it has the legal right to tear down the building and to construct the new one, without first obtaining the consent of the several lessors and of the trustee for the bondholders, provided adequate security is furnished for the payment of the ground rent pending the completion of the new building. But the Association deemed it advisable to obtain the consent of the lessors and of the trustee. To that end, negotiations were opened with Willing and one other of the lessors, and there was some talk of purchasing their interests. In the course of an informal, friendly, private conversation, Willing stated to the President of the Association that his counsel had advised that the lessee had no right to tear down the Auditorium Building without the consent of the lessors and of the trustee for the bondholders. Several of the lessors were never approached by anyone on behalf of the Association. Nor was the trustee for the bondholders. After this talk with Willing, a year

passed without further occurrence. Then, the suit at bar was begun against all the lessors and the trustee for the bondholders.

The bill alleged that "under the proper construction and interpretation of the terms, covenants and conditions of said several leases, your orator is fully empowered and has the right to tear down and remove the present improvement as a part of and incidental to the erection of a new improvement of equal or greater value not impairing in any way the security and property right of the said lessors or their successors and assigns, upon furnishing proper and adequate security during the removal of the present improvement and until the completion of the new improvement; but the defendants hereinafter named, or some of them, nevertheless claim and assert, and by reason of such claim and assertion certain persons with whom your orator is obliged to deal in the financing of its aforesaid plans are fearful, that the present building cannot be removed without a violation of the terms, covenants and conditions of said leases . . . The aforesaid claims, fears and uncertainties respecting the rights of the parties to said leases, based upon the terms, covenants and conditions of the leases of said property, have greatly impaired the value of the leasehold interests of your orator, and have made them unmarketable, and have prevented your orator from exercising its rights with respect to said leasehold interests so as to secure therefrom the highest and best use of its interest in the land; and the terms, covenants and conditions of the said leases, in so far as they give color to said claims, fears and uncertainties, are clouds upon the title of your orator, for the removal of and relief against which your orator has no adequate remedy in a court of law."

The bill prayed "that this court will remove from the several leasehold interests of your orator the above mentioned claims and clouds based upon the alleged force and

effect of the terms, covenants and conditions of the aforesaid leases, and will fully quiet and establish the title of your orator to the said leasehold properties with full right on the part of your orator to tear down and remove any and all buildings which for the time being may be upon said premises, upon giving proper security . . . ; and that said defendants may also be restrained and enjoined from taking any steps to prevent your orators from tearing down or removing the present building . . ."

There is not in the bill, or in the evidence, even a suggestion that any of the defendants had ever done anything which hampered the full enjoyment of the present use and occupancy of the demised premises authorized by the leases. There was neither hostile act nor a threat. There is no evidence of a claim of any kind made by any defendant, except the expression by Willing, in an amicable, private conversation, of an opinion on a question of law. Then, he merely declined orally to concur in the opinion of the Association that it has the right asserted. For that, or for some other reason, several of the defendants had refused to further the Association's project. Other defendants had neither done nor said anything about the matter to anyone, so far as appears. Indeed, several refrained, even in their answers, from expressing any opinion as to the legal rights of the parties.

Obviously, mere refusal by a landlord to agree with a tenant as to the meaning and effect of a lease, his mere failure to remove obstacles to the fulfillment of the tenant's desires, is not an actionable wrong, either at law or in equity. And the case lacks elements essential to the maintenance in a federal court of a bill to remove a cloud upon title. The alleged doubt as to plaintiff's right under the leases arises on the face of the instruments by which the plaintiff derives title. Because of that fact, the doubt is not in legal contemplation a cloud, and the bill to remove it as such does not lie. It is true that the plight of

which the Association complains cannot be remedied by an action at law. But it does not follow that the Association may have relief in equity in a federal court. What the plaintiff seeks is simply a declaratory judgment. To grant that relief is beyond the power conferred upon the federal judiciary. *Liberty Warehouse Co.* v. *Grannis,* 273 U. S. 70, 74. Compare *Liberty Warehouse Co.* v. *Burley Tobacco Growers Ass'n,* 276 U. S. 71. The statement, made at the bar, that *Blair* v. *Chicago,* 201 U. S. 400, 450, supports the jurisdiction, is unfounded.

It is true that this is not a moot case, like *Singer Manufacturing Co.* v. *Wright,* 141 U. S. 696, and *United States* v. *Alaska S. S. Co.,* 253 U. S. 113; that, unlike *Keller* v. *Potomac Electric Co.,* 261 U. S. 428, 444, and *Postum Cereal Co.* v. *California Fig Nut Co.,* 272 U. S. 693, the matter which it is here sought to have determined is not an administrative question; that the bill presents a case which, if it were the subject of judicial cognizance, would in form come under a familiar head of equity jurisdiction; that, unlike *Gordon* v. *United States,* 117 U. S. 697, a final judgment might be given; that, unlike *South Spring Hill Gold Mining Co,* v. *Amador Medean Gold Mining Co.,* 145 U. S. 300, the parties are adverse in interest; that, unlike *Fairchild* v. *Hughes,* 258 U. S. 126, and *Massachusetts* v. *Mellon,* 262 U. S. 447, there is here no lack of a substantial interest of the plaintiff in the question which it seeks to have adjudicated; that, unlike *New Jersey* v. *Sargent,* 269 U. S. 328, the alleged interest of the plaintiff is here definite and specific; and that there is here no attempt to secure an abstract determination by the court of the validity of a statute, as there was in *Muskrat* v. *United States,* 219 U. S. 346, 361, and *Texas* v. *Interstate Commerce Commission,* 258 U. S. 158, 162. But still the proceeding is not a case or controversy within the meaning of Article III of the Constitution. The fact that the plaintiff's desires are thwarted by its own doubts, or by the

fears of others, does not confer a cause of action. No defendant has wronged the plaintiff or has threatened to do so. Resort to equity to remove such doubts is a proceeding which was unknown to either English or American courts at the time of the adoption of the Constitution and for more than half a century thereafter, *Cross* v. *De Valle,* 1 Wall. 1, 14–16. Compare *Jackson* v. *Turnley,* 1 Drew. 617, 627; *Rooke* v. *Lord Kensington,* 2 K. & J. 753, 760; *Lady Langdale* v. *Briggs,* 8 DeG. M. & G. 391, 427.

As the proceeding is not a suit within the meaning of § 28 of the Judicial Code, the motions to remand the cause to the state court should have been granted. *Stewart* v. *Virginia,* 117 U. S. 612; *Upshur County* v. *Rich,* 135 U. S. 467; *Pacific Live Stock Co.* v. *Oregon Water Board,* 241 U. S. 440, 447. Whether, as the respondent contends, it has a remedy under the law of Illinois, we have no occasion to consider. *Fulwiler* v. *McClun,* 285 Ill. 174. Compare *McCarty* v. *McCarty,* 275 Ill. 573; *Greenough* v. *Greenough,* 284 Ill. 416; *Devine* v. *Los Angeles,* 202 U. S. 313, 334–335. Even a statute of the State could not confer a remedial right to proceed in equity in a federal court in a suit of this character. *Pusey & Jones Co.* v. *Hanssen,* 261 U. S. 491.

*Reversed.*

Concurring opinion of MR. JUSTICE STONE.

I concur in the result. It suffices to say that the suit is plainly not one within the equity jurisdiction conferred by §§ 24, 28, of the Judicial Code. But it is unnecessary, and I am therefore not prepared, to go further and say anything in support of the view that Congress may not constitutionally confer on the federal courts jurisdiction to render declaratory judgments in cases where that form of judgment would be an appropriate remedy, or that this

Court is without constitutional power to review such judgments of state courts when they involve a federal question. Compare *Fidelity National Bank & Trust Co. v. Swope,* 274 U. S. 123, 130–134. " It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case." *Burton* v. *United States,* 196 U. S. 283, 295. See *Blair* v. *United States,* 250 U. S. 273, 279; *Flint* v. *Stone Tracy Co.,* 220 U. S. 107, 177; *Light* v. *United States,* 220 U. S. 523, 538. There is certainly no " case or controversy ". before us requiring an opinion on the power of Congress to incorporate the declaratory judgment into our federal jurisprudence. And the determination now made seems to me very similar itself to a declaratory judgment to the effect that we could not constitutionally be authorized to give such judgments—but is, in addition, prospective, unasked, and unauthorized under any statute.