**MOULTON v. OWLER et al.**

**GILES v. SAME.**

District Court, D. New Hampshire.

Jan. 9, 1934.

Robert W. Upton and Henry Callahan, both of Concord, N. H., for plaintiffs.

Devine & Tobin, of Manchester, N. H., for Insurance Co.

MORRIS, District Judge.

The above-entitled actions are suits brought October 10, 1933, in the federal court because of diversity of citizenship to recover damages on account of an automobile accident occurring in Concord, N. H., July 5, 1933.

Counsel entered a special appearance for the defendants, and the issue to be now determined arises on such special appearance. The question was argued Wednesday January 3, 1934, and, from the arguments of counsel, it appears that the defendant Thomas D. Owler and/or Park & Pollard Company, owners of a Chevrolet truck which it is alleged was negligently driven causing plaintiff's injury, was covered by a policy of insurance issued March 3, 1933, by the Lumbermen's Mutual Casualty Company, a corporation established by the laws of the state of Illinois and having a place of business in Manchester, county of Hillsborough, state of New Hampshire. It further appeared that said insurance company denied coverage of the accident, and that, in order to have the question of its liability determined, it had on October 16, 1933, filed a bill in equity in this court in which all the parties plaintiff and defendants were joined seeking a declaratory judgment to determine its liability and to determine the question of whether or not it was bound to defend the action under the terms of its policy.

The court is somewhat embarrassed by the fact that no personal service of the bill in equity has been made upon the plaintiffs Elsie Giles and Robert Moulton, both of whom are residents of Rochester in the county of Monroe, state of New York. But I hold that, in bringing the original actions in the federal court in this district, they have so far submitted themselves to the determination of

all matters growing out of the accident as to give the court jurisdiction to determine the validity of the grounds for special appearance in the action at law as effected by the bill in equity.

The policy of insurance has not been filed in court, but from the petition in the bill in equity it appears to be an ordinary policy of liability insurance on a Chevrolet truck owned by Thomas D. Owler and/or the Park & Pollard Company by the terms of which the petitioner agreed to insure the named assured and any person operating the vehicle with the permission of the assured against liability for bodily injuries while the truck was being used in the usual business of the assured. And that it further contained a provision that the insurance company would defend the assured in any action brought against it and would pay any judgment rendered if within the terms of the policy.

Laws N. H. 1929, c. 86, provides: *"Declaratory Judgments.* Any person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title, to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive."

In the case of Sauriolle, Adm'r, v. O'Gorman, 163 A. 717, 723, decided by the New Hampshire Supreme Court October 4, 1932, the court, in construing N. H. Laws 1927, c. 54, § 1 in a case involving coverage of an automobile accident, said: "Having intervened and defended against his claim of negligence, as a matter of right under the policy, it is ordinarily too late to deny the applicability of the policy after a trial of the merits. The insurer's defense of the suit against Shea, without reservation, with a full knowledge of the facts, and without excusing circumstances, would imply its binding acknowledgment that it had insured him and hence that the use was permissive."

In a more recent case determined by the New Hampshire Supreme Court November 7, 1933, American Motorists' Insurance Company v. Central Garage, 169 A. 121, it was held that a petition for a declaratory judgment for the purpose of determining whether or not an insurance policy had been canceled previously to the happening of the accident involving the automobile on which the policy had previously been written brought in advance of the main trial was correct procedure under the declaratory statute above quoted.

Basing their right to have the question of coverage determined under the New Hampshire statute and the decisions of the New Hampshire Supreme Court, the defendants' counsel entered a special appearance in the actions at law, and claimed that the trial should be postponed until the question of liability of the insurance company's coverage and duty to defend the assured had been determined.

■ The right of the plaintiffs in this action at law to have their actions speedily tried and determined ought not to be held up because of some contract between the defendants and a third person or corporation to which they are not a party.

This proceeding is limited in its scope to the question of the special appearance in the actions at law. The question of whether or not the insurance company is liable to pay any judgment against the assured is not involved.

Were the question of a declaratory judgment involved in this limited discussion, it would present a very troublesome question. See Willing v. Chicago Auditorium Association, 277 U. S. 274, 48 S. Ct. 507, 72 L. Ed. 880; Muskrat v. United States, 219 U. S. 346, 31 S. Ct. 250, 55 L. Ed. 246.

■ The only question is whether or not the insurance company, by defending the actions at law, will themselves be estopped from denying liability in case judgment goes against the assured. In order to protect itself against such an estoppel, it is not necessary to determine the question of the insurance company's coverage. Its rights against an estoppel will be amply protected by the service of notice upon the plaintiffs seasonably in advance of trial that it denies liability for any damages that may be recovered by the plaintiffs against the insured in the actions at law. McGee v. U. S. F. & G. Co. (C. C. A.) 53 F.(2d) 953. I find nothing in the New Hampshire statute or in the decisions of the New Hampshire Supreme Court denying the insurance company such a right of protection against an estoppel.

The special appearance must be struck off, and the case will stand for trial on the jury calendar in its order.