In re WEST SIDE-ATLAS-NATIONAL BANK OF CHICAGO.

O'CONNELL, Judge, v. MITCHELL.

No. 5313.

Circuit Court of Appeals, Seventh Circuit.

July 2, 1935.

Hirsch E. Soble, Oscar S. Caplan, Albert Langeluttig, and Alec E. Weinrob, all of Chicago, Ill., for appellant.

Howard R. Brintlinger, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an appeal from a decree in favor of appellee upon the petition of John F. O'Connell, probate judge of Cook county, Ill., and opposed by appellee. In this petition it was charged that certain accounts were opened in the West Side-Atlas-National Bank of Chicago under the direction and order of the probate court of Cook county, Ill., and that said bank was not qualified as a trust company pursuant to the provisions of the National Banking Act and the Trust Company Act of Illinois. Petitioner prayed that the deposits be declared trust funds and considered as preferred claims against the said bank. Petitioner further asked that all accounts of similar character which are on deposit with other national banks within the jurisdiction of the county of Cook and state of Illinois, be likewise held to be preferred claims and that the receivers of all closed national banks be directed to allow all deposits in their banks, in the names of minors, deposited under similar circumstances as preferred claims.

The receiver of the bank, appellee herein, filed an answer in which he denied that the funds in question constituted trust funds, denied that there was augmentation of assets of the bank by any deposits made by appellant's ward, and denied that there was any tracing of the funds into the hands of the receiver. The District Court found that the funds were not traced into the hands of the receiver and were not trust funds entitled to a preference.

█ It is conceded by appellant that in order to establish his right to a preferred claim the depositor must trace the funds into the hands of the receiver, show augmentation, and that the funds were trust funds. Counsel ask us to determine whether the funds so deposited constitute trust funds while the questions of augmentation and tracing are left to be determined at some later date and in connection with each specific account.

Even if both parties were willing to thus try the case piecemeal (which they are not), we think it could not be permitted. We are not at liberty to ignore the record to dispose of a legal question which is not presented by the facts in the case. The transcript shows there was no evidence introduced to prove that any of the funds

in question passed into the hands of the receiver, or that they augmented the funds of the bank when the receiver was appointed.

█ Needless to say, the liability of other banks holding like funds under similar conditions cannot be determined since the other banks are not in court. Federal courts are without power to decide questions unless a case is presented in which the rights of persons or property are actually involved.

Assuming, but not deciding, that the judge of the probate court of Cook county is a proper party to bring a suit of this character, and conceding the desirability of obtaining an early decision of the question of law which appellant seeks to here determine, this court may not, in an action of this character, decide abstract propositions of law. Willing v. Chicago Auditorium Ass'n, 277 U. S. 274, 48 S. Ct. 507, 72 L. Ed. 880.

Affirmed.