## BRANSON v. HARRIS.

No. 1379.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 12, 1953.

Decided Nov. 6, 1953.

---

Robert H. Campbell, Washington, D. C., for appellant.

Julius W. Robertson, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant, the executrix of the estate of Otho D. Branson, brought this action against appellee for a declaratory judgment as to the rights of the parties in a Buick automobile. The automobile was purchased by Branson and appellee and title was registered in Virginia in both their names. It appears conceded that appellee contributed something towards the purchase price, but the amount of her contribution is in dispute. In his lifetime and while a balance of the purchase price was unpaid, Branson executed an assignment in which he asserted he was the real owner of the automobile and by which he assigned all of his interest therein to his wife, who is now his executrix. Relying on that assignment the wife brought a replevin action for the automobile against appellee. That action was decided in favor of appellee and on the strength of the judgment in her favor appellee was enabled to have title registered in her name alone. After the death of Branson and the appointment of his widow as executrix of his estate, the executrix brought the present action. She appeals from an adverse judgment.

The complaint, entitled as one for a declaratory judgment, specifically states that it was brought under "the Declaratory Judgments Act, 28 U.S.C.A. Sec. 2201." The act referred to, commonly called the Federal Declaratory Judgments Act, confers jurisdiction to render such judgments on "any court of the United States". The term "court of the United States" is defined in 28 U.S.C.A. § 451 to include "any court created by Act of Congress the judges of which are entitled to hold office during good behavior." The Municipal Court for the District of Columbia was created by Act of Congress, but its judges hold office for limited terms. It follows that the Federal Declaratory Judgments Act confers no jurisdiction on the Municipal Court to render a declaratory judgment.[1] There is no local statute conferring such jurisdiction and we must rule that the Municipal Court lacks jurisdiction to grant a declaratory judgment.[2]

At oral argument before us appellant contended that if the trial court was without power to grant the relief asked, it nevertheless was not bound by the prayer for relief and should have awarded the relief to which appellant was entitled. Municipal Court Civil Rule 54(c), although based on Fed.R. Civ.P. 54(c), 28 U.S.C.A., has certain limiting words not contained in the Federal rule. It provides: "Except as to a party against whom a judgment is entered by default, every final judgment shall *upon request of the party* grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." The italicized words are not in the Federal

---

1. See Reese v. Fultz, D.C.Alaska, 96 F. Supp. 449, where the same conclusion was reached regarding the District Court for the District of Alaska.

2. Willing v. Chicago Auditorium Ass'n, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880.

rule. The weakness in appellant's argument is that the record fails to disclose that she ever asked the trial court for any other type of relief. Her complaint requested a declaratory judgment, specifically asking the court to "determine the true construction, right to possession, and title of the said motor vehicle." In her brief here appellant says she was entitled "to a judgment equal to one-half of the market value of the said motor vehicle at the time of the death of the appellant's testate," but no claim for a money judgment was made below and no evidence of market value was offered to support it. It is difficult to understand whether appellant now claims she was entitled to partition, to an accounting or to a money judgment for damages. Since the only relief she clearly asked of the trial court was a judgment "by way of a declaration of the rights of the parties," and the court had no power to enter such a judgment, the court properly denied relief. Since our decision is based on lack of jurisdiction in the trial court, we do not consider the merits of the controversy between the parties.

Affirmed.