George M. Fanelli, J.
In this action against defendant, City of Newburgh, for a declaratory judgment to declare unconstitutional and void a recent enactment of the Legislature of the State of New York, known as chapter 657 of the Laws of 1959, plaintiff, County of Orange, moves for judgment on the pleadings (Rules Civ. Prac., rule 112). The Attorney-General, having been given permission to intervene, interposes an answer wherein he joins with the defendant city in seeking to uphold the validity of the afore-mentioned statute. The questions raised by the parties have to do with public assistance and welfare and the dissolving of the city welfare district and the takeover by the county of all such public assistance and welfare. There is another question, raised by the court, as to its jurisdiction to entertain this action.
Chapter 657 of the Laws of 1959, in specifically dealing with the administration in the City of Newburgh of all forms and categories of public welfare, assistance and care, authorizes and permits both the City of Newburgh and the Board of Supervisors of the County of Orange to adopt appropriate resolutions dissolving the city welfare district of the City of Newburgh, in which event either: (1) said city shall no longer have any respon *899 sibilities and obligations and no rights and powers in relation to public assistance and care, and that henceworth the county public welfare district of the County of Orange shall take over the responsibility for the administration in said city of all forms and categories of public assistance and care; or (2) that following such dissolution the City of Newburgh shall have such responsibilities and obligations and the rights and powers as are then and thereafter imposed and conferred by law upon cities forming part of the county public welfare district.
The complaint and the exhibits annexed thereto indicate that defendant City of Newburgh has seen fit to take advantage of this piece of legislation now under attack and that in May, 1961 its City Council passed a resolution urging the Board of Supervisors of the County of Orange to accept the transfer of all its public welfare programs at the earliest posible moment. Plaintiff, however, has neither accepted nor rejected defendant’s proposal concerning such dissolution and subsequent merger of the two public welfare districts. Instead, it created a special committee to study and report the feasibility and advisability of such dissolution and merger, and shortly thereafter commenced this lawsuit in an effort to test the constitutionality of the law which authorizes and permits such procedures before it undergoes any expense in connection with such study or possible subsequent decision to accept defendant’s proposal.
In challenging the constitutionality of chapter 657 of the Laws of 1959 plaintiff takes the position that such legislation, dealing specially with Orange County and the City of Newburgh, violates the so-called “ County Home Buie Law ” and that it was enacted by the Legislature without a request from the Board of Supervisors of Orange County or a certificate of necessity from the Governor (N. Y. Const., art. IX, § 1). Defendant and the Attorney-General, on the other hand, contend that since the problem of social welfare has been from time immemorial and is presently a matter of State concern and State control, a statute such as the one in question, although relating specially to Orange County and the City of Newburgh by name is not necessarily special or local in its terms; that section 1 of article IX of the Constitution (County Home Bule Arndt.) has no application in matters of State control; and that the key words “ The legislature shall provide by law for the organization and government of counties ” (art. IX, § 1, subd. [b]), strongly relied upon by plaintiff, were not intended to apply to any other functions outside of organization and government. Thus, both sides are of the opinion that rather than a question of fact, only a question of law is presented and consequently, this court should *900 exercise its discretion to the extent of entertaining jurisdiction and rendering a declaratory judgment regarding the constitutionality of chapter 657 of the Laws of 1959. With this latter view (i.e., that the court has jurisdiction) the court does not agree.
The statutory authority for declaratory judgments is contained in section 473 of the Civil Practice Act and the procedure in an action for a declaratory judgment is regulated by rules 210 to 214 of the Rules of Civil Practice. Unquestionably, in a proper case this court has the power and duty to take jurisdiction and determine a controversy with respect to the constitutionality of legislation (Dun & Bradstreet v. City of New York, 276 N. Y. 198; 22 Carmody-Wait, New York Practice, § 16, pp. 723-728 and cases cited). However, before doing so, an actual controversy, involving substantial legal interests, must exist and the defendant must be in a position to place the plaintiff’s rights in jeopardy (22 Carmody-Wait, pp. 713-717), and, being essentially discretionary, the authority of each case must necessarily depend upon the facts therein presented. “ There is no absolute right to a declaratory judgment such as exists in other forms of actions seeking to establish existing legal rights. The Civil Practice Act (§ 473) gives the Supreme Court the power to render a declaratory judgment but does not make it mandatory. It has been stated that ‘ Courts of equity have long been decreeing declaratory judgments ’ (1 Anderson on Declaratory Judgments [2d. ed.], p. 5). The concept underlying the granting of judgments declaring rights involves and includes equitable principles. The relief granted is frequently equitable in nature. The declaration may be refused where by laches, default or inequity the plaintiff has weakened his claim to relief or where it would result in possible injustice to third persons. It will be refused where it would be futile or useless, for example, where one against whom it is made is privileged to escape its effects by some action within his own discretion (Borchard on Declaratory Judgments [2d. ed.], pp. 30A-305). The declaratory judgment procedure is intended to deal with actual problems and not with remote possibilities which may never eventuate. In Willing v. Chicago Auditorium (277 U. S. 274, 290) it was held that ‘ Resort to equity to remove such doubts * * * ’ by means of a declaratory judgment was unauthorized. The court stated ‘ No defendant has wronged the plaintiff or has threatened to do so.’ That the theory is translated into statute becomes evident when, in conjunction with section 473, rule 212 of the Rules of Civil Practice is read. It provides: ‘ Jurisdiction dis *901 cretionary. If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory judgment ’ (emphasis supplied).” (Guibord v. Guibord, 2 A D 2d 34, 36.)
In examining the complaint in this case and applying the aforementioned principles of law to the situation at hand, the court is led to the conclusion that no bona fide justiciable controversy exists between the County of Orange and the City of Newburgh, and that what is really sought is an advisory opinion. It is not the practice of the court to render advisory opinions in advance of the happening of an event (Gish v. Village of Peekskill, 255 App. Div. 706; L. L. F. Realty Co. v. Fell, 278 App. Div. 831). No legal claim or demand is being asserted by the City of New-burgh against the County of Orange nor is the City of Newburgh in a position to place the County of Orange’s rights in jeopardy. It must be remembered that chapter 657 of the Laws of 1959 is only permissive in nature and the machinery provided therein for the dissolution of the city public welfare district of the City of Newburgh and a merger thereof with the public welfare district of the County of Orange can only be set in motion by appropriate resolutions of both the city and the county. The difficulty in this case is that a declaration by this court will settle nothing. The County of Orange is under no present or prospective obligations and, consequently, there is no necessity for this lawsuit. Thus far, the Board of Supervisors of the County of Orange has not seen fit to pass any resolution accepting or rejecting the offer made by the City of Newburgh, and it may well be that no such resolution will ever be adopted. It would thus appear that the purpose of this action by the County of Orange “is to use the equitable powers of this court for an indefinite, uncertain and future contingency which may never arise. That is not the purpose of a declaratory judgment proceeding (1 C. J. S., Actions, § 18, subd. d, par. [9], p. 1030, and cases cited at note 93) ” (Guibord v. Guibord, supra, p. 37). A declaration by this court to the effect that chapter 657 of the Laws of 1959 is constitutional will neither be useful nor necessary — will serve no practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations — since there is nothing mandatory or obligatory in this legislation and either the City of Newburgh or the Board of Supervisors of the County of Orange (or both) lias the privilege to escape its effect by merely refusing to adopt the appropriate resolutions called for. Thus, despite a granting of its motion, plaintiff County of Orange, through its Board *902 of Supervisors, could still refuse to adopt the appropriate resolution authorizing and permitting the subject dissolution and merger of the welfare districts.
Accordingly, in the light of the afore-mentioned, this court declines to pronounce a declaratory judgment (Rules Civ. Prac., rule 212). The motion for judgment on the pleadings is denied and the complaint is dismissed without prejudice, if plaintiff be so advised, to the service of an amended complaint within 20 days after the service of a copy of the order to be entered hereon, of the commencement of another action when and if the grounds therefor exist.