**BEACON HILL CBO II, LTD. and Beacon Hill CBO III, Ltd., Plaintiffs–Appellants,**

v.

**BEACON HILL ASSET MANAGEMENT LLC, Defendant–Appellee.**

No. 03–7183.

United States Court of Appeals, Second Circuit.

Feb. 12, 2004.

Steven Wolowitz, Mayer, Brown, Rowe & Maw (Richard A. Spehr, Henninger S. Bullock, Lauren R. Goldman, on brief), New York, NY., for Appellants.

Joel M. Miller, Miller & Wrubel P.C. (Charles R. Jacob III, Teresa A. Gonsalves, on brief), New York, NY., for Appellee.

Present: LEVAL, SACK, Circuit Judges, Edward R. KORMAN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the district court be, and it hereby is, AFFIRMED.

Plaintiffs-appellants Beacon Hill CBO II, Ltd. and Beacon Hill CBO III, Ltd. ("Issuers") appeal from the district court's order denying their motion for preliminary and permanent injunctions terminating Beacon Hill Asset Management LLC ("Portfolio Manager") as manager of Issuers' portfolio of collateralized bond obligations. *Beacon Hill CBO II, Ltd. et al. v. Beacon Hill Asset Mgmt. LLC,* 249 F.Supp.2d 268 (S.D.N.Y.2003). In an appeal of this order pursuant to 28 U.S.C. § 1292(a)(1), Issuers challenge the district court's flexible application of assertedly inflexible equitable principles relating to a beneficiary's right to terminate a fiduciary.

We affirm the order of the district court denying the injunctions on grounds that are supported by the record but are different from those on which the district court relied. *See Boule v. Hutton,* 328 F.3d 84, 92 (2d Cir.2003). Although the district court denied the injunctions sought on the ground that Issuers had not shown a likelihood of success on the merits, we affirm on the basis that Issuers have not demonstrated that the injunction sought is necessary to avoid irreparable harm, a requirement for both preliminary and permanent injunctions. *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996); *New York State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1362 (2d Cir.1989).

As they concede, Issuers have the ability to terminate the Portfolio Manager's services, subjecting themselves to a suit for such damages, if any, as may be appropriate under their agreement with the Portfolio Manager, *see* Appellant's Br. at 52, and they are also apparently free to bring suits against the Portfolio Manager for breach of fiduciary duty and breach of contract.

---

* Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

*See Beacon Hill CBO II, Ltd. et al. v. Beacon Hill Asset Mgmt. LLC,* No. 02 Civ. 9229 GEL, 2003 WL 22871921, at *4–*5, 2003 U.S. Dist. LEXIS 21731, at *11–*15 (S.D.N.Y. Dec, 4, 2003). An injunction is thus, as a matter of law, not "necessary to prevent irreparable harm" and therefore is not available. *See Willing v. Chi. Auditorium Ass'n,* 277 U.S. 274, 289–90, 48 S.Ct. 507, 72 L.Ed. 880 (1928).

Any other relief that Issuers seek, such as their request that this court now issue a declaratory judgment pronouncing that Issuers may terminate the Portfolio Manager without incurring liability, Appellant's Br. at 52–53, is beyond the scope of this appeal, which is limited to review of the district court's denial of the aforementioned injunctions.

For the foregoing reasons, the order of the district court is hereby AFFIRMED.