FULLER and others *v.* COUNTY OF COLFAX.

*(Circuit Court, D. Nebraska.* November Term, 1882.)

REMOVAL OF CAUSE—COURTS—SUITS REMOVABLE.

> A board of county commissioners of a county created by the laws of the state of Nebraska, is in no just or proper sense a *court* within the meaning of the removal acts of congress; and a mere claim against a county for right of way for a public road, while the same is pending before the county board, does not constitute a *suit* within the meaning of the said removal acts.

Motion to Remand Cause to State Court.

*Mr. Wakeley,* for plaintiff.

*Mr. Munger,* for defendant.

DUNDY, D. J. This cause was removed into this court from a state court held within and for Colfax county. The defendant moves to remand the same, for the reason that the suit was removed from an appellate court and not from the one in which the suit was brought. If this be true it must, of necessity, be decisive of the motion.

In considering the motion two questions arise—*First,* is a board of county commissioners a *court* within the meaning of the removal acts of congress; and, *second,* is a mere claim for damages for right of way for a public road, presented to the county board, a *suit* within the meaning of the said removal acts, so long as the claim there remains for consideration.

The state law provides for paying for the right of way necessary in locating all public roads. If damages are sustained by the owners of land through which a road is located, the county is primarily liable therefor, and the manner of making the claim as well as the mode of making the payment is here perfectly well understood. After the location of the road all that seems to be necessary for the injured party to do is to make known to the county board the fact that damages are claimed for the right of way. If the claim is thought to be just and reasonable the county board allows it, and draws warrants on the county treasury for the amount of damages awarded. If the claimant should be dissatisfied with the amount of damages so awarded him, he can appeal to the district court of the proper county, where the case is to be tried *de novo.* Thus it will be seen that the remedy provided by law in cases like the present one is alike speedy, efficacious, inexpensive.

The plaintiffs were damaged, as they claim, in consequence of a public road being located through their lands; and they presented

v.14,no.4—12

to the county board a claim in the sum of $5,000 therefor. The board reduced the claim, or sum allowed, to $250, and the claimants appealed to the district court, *all* of which was done in strict accordance with the law. In presenting a claim to the county board for allowance, no formal proceedings are at all necessary, no pleadings of any sort are required to be filed, no process issued for any purpose whatever connected with the matter, and no formal judgment follows either the rejection or allowance of a claim by the board. The claim, when so made, is simply *audited, allowed,* or *rejected,* as justice and reason seem to require. In case of an appeal to the district court, the appeal is docketed, and pleadings are filed, and the cause then in all respects proceeds in the usual and ordinary way. The cause is then, in every sense of the term, in a *court,* and is also, then, in every sense of the term, a *suit.*

Now, what is usually understood by the words "*court*" and "*suit,*" where we find them in legislative enactments or in legal proceedings? Blackstone says a "court is a place wherein justice is judicially administered." To administer justice judicially, there *must* be a *judge,* and usually, though not always, there are also other officers, such as clerk and sheriff or marshal. That also implies the right to issue compulsory process to bring parties before the court, so that jurisdiction may be acquired over the person or property which forms the subject-matter of the controversy. To administer justice judicially, two parties to a controversy must exist; there must be a wrong done or threatened, or a right withheld, before the court can act. Then a hearing or trial follows, and the "justice to be judicially administered" results in a formal judgment for one of the parties to the controversy. The judgment to be pronounced usually has full binding force, unless modified or reversed. The courts can issue the proper process to carry their judgments into effect, and in that way subserve the great ends of their creation. But this is not so with the county boards in this state. They are not clothed with the necessary power to issue compulsory process to bring parties litigant before them. They cannot, in cases like the one under consideration, issue process to compel the attendance of witnesses. They cannot and do not enter formal judgments in cases presented to them for their consideration. They have no authority to execute any judgments if they should thoughtlessly undertake to enter them. They have but one party before them on whom their orders can operate. In short, the county board is so totally unlike a *court,* and so differ-

ent in its constitution and its objects, that I am unable to see any similarity between them.

If the county board cannot be regarded as a *court,* it will follow as a necessary consequence that no *suit* was pending in this case until the appeal from the order of the board was filed and docketed in the district court. Two parties to a suit seem to be almost indispensable: one who seeks redress, and the other who commits a wrong or withholds what is justly due another. The parties must stand in such relation to each other that the machinery of the court will operate on them when their powers and their aid are invoked. No such a condition of things existed so long as this claim remained before the county board. But when the appeal was taken, and docketed in the district court, we then for the first time find a *suit* pending in the *court* where none of the elements of either are wanting. It is such a *suit* that can be removed from such a *court,* as the removal acts of congress contemplate.

I conclude, then, that the board of county commissioners of Colfax county is not a "*court,*" and that this "*suit*" was never pending in any other court than the district court of Colfax county, from which it was removed to this court, and that it was, therefore, properly removed herein.

The motion to remand is overruled.

McCRARY, C. J., concurs.

———

A cause may be removed from any state court, whether of limited or general jurisdiction, if citizenship and amount are within the statute requirements, (*Gaines* v. *Fuentes,* 92 U. S. 10; S. C. 8 Chi. Leg. News, 225;) but a justice's court is not a state court, (*Rathbone Oil Co.* v. *Rausch,* 5 W. Va. 79.) The right is confined to parties litigant in state courts. The act does not apply to territorial courts, although on the admission of such territory as a state the suit passed into the jurisdiction of the state court. *Ames* v. *Colorado Cent. R. Co.* 4 Dill. 251; S. C. 4 Cent. Law J. 190. See *Watson* v. *Brooks,* 13 FED. REP. 540. So, actions brought by the District of Columbia against an alien cannot be removed. *Cessel* v. *McDonald,* 57 How. Pr. 175; S. C. 16 Blatchf. 150.—— [ED.