## FULLER, Assignee, etc., *v.* WRIGHT.

*(Circuit Court, W. D. Pennsylvania.* May 20, 1885.)

REMOVAL OF CAUSE—ASSIGNMENT FOR BENEFIT OF CREDITORS—FEIGNED ISSUE TO TRY VALIDITY OF JUDGMENT—PENNSYLVANIA STATUTE—CITIZENSHIP.

A feigned issue granted at the instance of an assignee for the benefit of creditors in Pennsylvania to try the validity of a judgment recovered by a creditor, which it is claimed was fraudulent as to the other creditors, is removable into the circuit court when such judgment creditor is a citizen of another state.

On Motion to Remand Cause to Common Pleas of McKean County.

Before BRADLEY, Justice, and McKENNAN, J.

BRADLEY, Justice. This is a feigned issue, granted at the instance of an assignee for the benefit of creditors of J. W. Humphrey and J. W. Humphrey & Co., to try the validity of a judgment recovered by Wright, the defendant in the issue, against the assignor, J. W. Humphrey. We have before us only the award of the feigned issue and the proceedings thereon and the docket entries relat'ng thereto. The record of the proceedings under the assignment by virtue of which Fuller, as assignee, acquired a *status* in the case, and his petition for a feigned issue, have not been certified to this court. Without these proceedings we cannot see his authority to represent the creditors, and to apply for the feigned issue. Sufficient appears, however, by implication in the record before us to show that such previous proceedings were had; and if upon this hypothesis it appears that the defendant, Wright, would be entitled to remove the cause arising on the feigned issue, we should not be disposed to turn him out of court for a defective record, but would allow him to supply the defect by a supplemental return.

Looking at the case, then, as we suppose it to be, the question presented to us is whether it is one which, in its nature, is removable into the United States court. This is the only question before us at present. The objection as to the time of the application has been waived, inasmuch as the ground assigned for removal was local prejudice, on which a removal may be applied for at any time before the trial or final hearing of the suit. It is objected, however, that a feigned issue, in such a case as this, is not a distinct controversy of such a character as to be removable from the state to the federal court; but that it is a proceeding merely incidental to the principal proceeding under the assignment in the state court, instituted to inform the conscience of the court, and to enable it to administer the property of the insolvent assignors. But we are of opinion that this objection cannot be sustained. Creditors whose rights are infringed by a fraudulent judgment against their debtor have always had relief in the courts of Pennsylvania. Troub. & H. Pr. §§ 803–805. It is obtained in one of two ways: they may move to open the judgment and may be let in to make defense by showing the fact that it was

collusively obtained, or entered with intent to defraud them; or they may apply for a feigned issue for the purpose of determining the question of fraud or collusion. The latter proceeding is the more usual one, and is equivalent to a bill in equity to set aside a fraudulent judgment and to restrain its execution. It is, in effect, a regular suit in equity, involving a distinct controversy, which may well be removed to the United States court if a good ground for removal exists. The decision of the jury is binding and final, unless the verdict be set aside for irregularity, or reversed on writ of error. It is not like an issue framed by a court of equity for the purpose of informing the conscience of the court, which may be disregarded; but is more like the suit in equity itself, in which the decision has the force and effect of a judgment or decree as between the parties. The issue referred to in *Wible* v. *Wible*, 1 Grant, 406, was of the former kind, like an issue framed by a court of chancery, to inform the conscience of the court. There an issue had been framed by the orphans' court of Westmoreland county, in a case of partition, to determine whether the entire land had been given to one of the parties. This was held to be an issue to inform the conscience of the court, and the verdict was held to be not binding. The reason is not given, but is obvious. Partition could not be made unless the land was held in common, or jointly; and whether it was so or not was one of the questions to be determined by the orphans' court. If the court wished to have the advice of a jury on that point, it might frame an issue, and in such case the verdict would be, as the supreme court said, merely for the purpose of informing the conscience of the court, and would not be conclusive. But when creditors apply for and obtain an issue to determine whether a judgment against their debtors is or is not fraudulent as against them, it is a new and original proceeding instituted as of right, and the decision of the issue is binding upon the court; and the party in whose favor it is made has a vested interest in it, the same as in a judgment or decree.

These views are decisive of this case. Here the assignee, Fuller, the plaintiff in the feigned issue, represents creditors of Humphrey, the judgment debtor, who complain that the judgment recovered by Wright, the defendant in the feigned issue, was fraudulent as against them, or that it was part and parcel of the assignment for benefit of creditors, operating as a preference, and therefore void by the laws of Pennsylvania. The case, therefore, is precisely one of the kind referred to, in which creditors seek, by means of a feigned issue, to set aside a judgment fraudulent as against them.

The motion to remand the case is denied, and the defendant in the feigned issue is allowed to supply the defect in the record by filing an exemplification of the proceedings under the assignment, including the petition upon which the feigned issue was granted. No costs are allowed against the assignee on this motion.