## WILSON v. SMITH.

### (Circuit Court, E. D. Pennsylvania. January 22, 1895.)

#### No. 44.

1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—EXECUTORS.

The citizenship of parties which determines the right to remove a cause to a federal court is that of the parties as persons, and not an official citizenship, acquired in a representative capacity.

2. SAME—FORM OF ACTION.

The right to remove a cause from a state to a federal court cannot be defeated by the fact that the form in which the suit has been brought, under a state statute, is one in which the federal court cannot entertain it, if, in any form, the federal court would have jurisdiction; but its disposition, under the forms of federal procedure, will be determined by the essential character of the case.

### Sur Motion to Remand to State Court.

On December 5, 1894, the plaintiff, James H. Wilson, filed a statement of demand upon the defendant, Thomas B. Smith, executor of the last will and testament of Samuel Harlan, Jr., deceased, in the court of common pleas No. 2 of Philadelphia county, Pa. He sought to recover of the defendant the sum of $4,000, with interest thereon from February 12, 1883, upon a cause of action based upon the following clause in the will of the said Samuel Harlan, Jr.: "To my nephew James H. Wilson, son of my deceased sister Harriett, I give $4,000." The said bequest was further confirmed by the language of a codicil attached to the said will, which will was duly probated in the city of Wilmington, Del., the alleged domicile of the testator, on the 12th day of February, 1883, and letters testamentary were issued to the said Thomas B. Smith, executor. It was further averred that on May 28, 1883, the said will was duly registered in the office of the register of wills for the county of Philadelphia, and ancillary letters were issued thereon, under and in pursuance of the act of assembly of Pennsylvania of March 15, 1832, to the said Thomas B. Smith, and security was entered in the sum of $174,000. By virtue of the authority thus given, the said defendant possessed himself of assets of the said decedent to an amount exceeding the sum of $75,000. Plaintiff averred that the defendant never filed any account or inventory and appraisement in said jurisdiction of the estate which had thus come into his hands, and, although said estate was more than sufficient to pay the legacy above mentioned, yet he had never paid the same or any part thereof to said plaintiff, although frequently asked so to do. On December 5, 1894, a rule to plead was filed, and on the 14th of same month the defendant filed a petition and bond to remove the suit to the circuit court of the United States for the Eastern district of Pennsylvania under the act of August 13, 1888.

### Curtis & Lister, for the motion.

It has been uniformly held that under the judiciary act of 1789 and succeeding acts (except that of 1875), relating to the removal of causes from the state into the federal courts, no cause could be removed into the latter of which they had not original jurisdiction. Smith v. Rines, 2 Sumn. 338, Fed. Cas. No. 13,100; Gaines v. Fuentes, 92 U. S. 10. So under the acts of March 3, 1887, and Aug. 13, 1888. Reed v. Reed, 31 Fed. 49; In re Cilley, 58 Fed. 977. The right of removal on the ground of adverse citizenship is limited by the latter act to suits of a civil nature at common law and in equity. The suit removed is a special action, brought to recover a legacy, under the act of assembly of the state of Pennsylvania approved February 24, 1834 (P. L. p. 70, § 50). Van Nordon v. Morton, 99 U. S. 378. An action at common law cannot be maintained to recover a general legacy. The remedy is solely in equity. Jones v. Tanner, 7 Barn. & C. 542. The defendant, for the purposes of this suit, is a citizen of Pennsylvania.

R. L. Ashhurst, opposed.

The citizenship of executors or administrators is determined by the state in which they are citizens, and not by the state in which they take out letters. Amory v. Amory, 95 U. S. 186; Geyer v. Insurance Co., 50 N. H. 224; Coal Co. v. Blachford, 11 Wall. 172. The right of removal is not affected by the circumstance that the action in the state court is based upon a statute of the state. Gaines v. Fuentes, 92 U. S. 10; Fuller v. Wright, 23 Fed. 833; Searl v. School Dist., 124 U. S. 197, 8 Sup. Ct. 460.

DALLAS, Circuit Judge. This case was originally brought in a court of Pennsylvania by a citizen of that state. The defendant, a citizen of Delaware, caused its removal to this court. The plaintiff insists that it should be remanded, and upon two grounds, with reference to which his motion to that end will be decided.

1. It is asserted that the defendant, who is sued as executor, "having come into this state, and having taken out ancillary letters, is, for the purpose of this suit, a citizen of Pennsylvania, and there is no diverse citizenship as required by the act." This proposition is in conflict with the law as settled by the highest authority. "Where the jurisdiction of the courts of the United States depends upon the citizenship of the parties, it has reference to the parties as persons. A petition for removal must, therefore, state the personal citizenship of the parties, and not their official citizenship, if there can be such a thing." Amory v. Amory, 95 U. S. 187.

2. It is further contended that, notwithstanding the diverse citizenship of the parties, this suit is one of which a circuit court of the United States has not jurisdiction. It is an action, in common-law form, for the recovery of a legacy. It was brought in conformity with a statute of the state of Pennsylvania which authorizes such actions. Act Feb. 24, 1834 (P. L. p. 83, § 50); Purd. Dig. p. 449, pl. 215. Without this statute, a proceeding in accordance with chancery methods would have been the only available one in the state court. It, however, only provided a new form of remedy; the tribunal remained the same, and its jurisdiction was not extended or altered. In Pennsylvania the same courts administer both law and equity, and whether any particular case is of the one class or the other is not a question of jurisdiction, but of form merely. Adams v. Beach, 1 Phila. 101. Accordingly, those courts have held that cases under this particular statute are, substantially, suits in equity. Seibert v. Butz, 9 Watts, 494; Dunlop v. Bard, 2 Pen. & W. 309. The subject-matter of the present litigation is within this court's jurisdiction in equity, but not at law; and inasmuch as here the distinction between equity and law cannot (as in the Pennsylvania courts) be disregarded, nor the principles and remedies peculiar to either system be applied under the other, it is contended that this cause has been transferred to a court which, as a court of equity, cannot entertain it, because it is an action at law, and which, as a court of law, cannot take cognizance of it, for want of jurisdiction. This contention involves the acceptance of a consequence, which, as I ventured to suggest upon the argument, seems to be inadmissible. That a state, by simply prescribing a peculiar form of procedure for its own courts, may, in

any case, divest the rightful jurisdiction of those of the United States, is a doctrine to which I am wholly unable to assent, and which does not appear to be supported by any precedent or authority. The act of congress of 1888 (25 Stat. 433) provides that any suit of a civil nature, at law or in equity, may be removed, whereever the sum in dispute amounts to $2,000, and the controversy is between citizens of different states; and the right thus accorded pertains to all proceedings of a civil nature, of whatever form, provided they are suits at law or in equity. Any case which in the state court was either the one or the other of those becomes, upon its proper removal to a circuit court of the United States, cognizable by it. Fuller v. Wright, 23 Fed. 833; In re Cilley, 58 Fed. 987; Clark v. Smith, 13 Pet. 203; Parker v. Overman, 18 How. 141; Thompson v. Railroad Co., 6 Wall. 138; Searl v. School Dist., 124 U. S. 197, 8 Sup. Ct. 460. Whether the jurisdiction of this court is upon its law side or its equity side will be determined "by the essential character of the case," but the right of removal is not affected by any such question. That right exists if, upon either side, the requisite jurisdiction exists. Where a cause brought here by removal cannot be entertained upon the one side, it must be assigned to the other; but it is not to be remitted to the state court if, upon either side, the federal court is competent to retain and decide it. Van Norden v. Morton, 99 U. S. 378. In the cases in which the right of removal has been denied or questioned, the proceedings in the state courts have been, in their nature, not civil suits, either at law or in equity, or else some independent condition of the statute (ex gr. as to the sum in dispute) has been lacking. Gaines v. Fuentes, 92 U. S 10; In re Cilley, 58 Fed. 977; Dey v. Railway Co., 45 Fed. 82; In re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141. The motion to remand is denied.