## SOUTHERN POWER COMPANY *v.* NORTH CARO- LINA PUBLIC SERVICE COMPANY ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 110. Argued November 28, 1923.—Decided January 7, 1924.

A writ of certiorari, granted under the impression, induced by the petition, that a question of public importance is involved, will be dismissed when the argument reveals that the impression was erroneous.

Writ of certiorari to review 282 Fed. 837, dismissed.

CERTIORARI to a decree of the Circuit Court of Appeals which reversed in part a decree of the District Court, in a case removed from a court of North Carolina. The proceeding was brought by the Public Service Company and two cities, under North Carolina statutes, to compel the present petitioner to continue furnishing electric power to the Public Service Company for use in operating street cars in the cities, and for the use of the cities and their citizens for light and power. The decree of the District Court, as modified by the court below, granted this relief.

*Mr. R. V. Lindabury* and *Mr. William P. Bynum,* with whom *Mr. W. S. O'B. Robinson, Jr., Mr. E. T. Causler* and *Mr. R. C. Strudwick* were on the brief, for petitioner.

*Mr. John W. Davis* and *Mr. Aubrey L. Brooks,* with whom *Mr. C. A. Hines* and *Mr. Dred Peacock* were on the brief, for respondents.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

This writ must be dismissed.  The petition therefor stated that the cause involved a grave question of vital importance to the public, and alleged as special reason for its reëxamination that the decree would deprive petitioner of property without due process of law and of freedom to contract, contrary to the Federal Constitution.  The opinion below is reported in 282 Fed. 837.

The argument developed that the controverted question was whether the evidence sufficed to establish actual dedication of petitioner's property to public use—primarily a question of fact.  That is not the ground upon which we granted the petition and if sufficiently developed would not have moved us thereto.

Heretofore we have pointed out the necessity for clear, definite and complete disclosures concerning the controversy when applying for certiorari.  *Furness, Withy & Co.* v. *Yang-Tsze Insurance Association,* 242 U. S. 430; *Layne & Bowler Corporation* v. *Western Well Works,* 261 U. S. 387.  The opinion first cited states that during the 1915 term one hundred fifty-four petitions were presented and suggests the probability of a largely increased number.  During the last term (1922) petitions were filed in four hundred and twenty causes.

Obviously it is impossible for us critically to examine so many records before ruling upon applications and we must rely very largely upon preliminary papers.  Unless the requirements specified in *Furness, Withy & Co.* v. *Yang-Tsze Insurance Association* are observed we cannot hope properly to dispose of an increasing docket.

*Dismissed.*