## HARR et al. v. PIONEER MECHANICAL CORPORATION.

District Court, S. D. New York.
Oct. 3, 1932.

Albert M. Lee, of New York City, for plaintiff.

Cotton, Franklin, Wright & Gordon, of New York City (Paxton Blair, of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

The motion to remand this cause is denied.

I. This suit was brought against the defendant, a corporation of Delaware, in the New York Supreme Court for New York county on or about June 4, 1932. It was duly removed to this court on or about June 7, 1932, by the defendant, a Delaware corporation, and the petition for remand was filed on June 20, 1932.

II. The plaintiff Lew Lysle Harr, Jr., as executor of a New York estate and himself a citizen of New York, is the owner and holder of 1,000 shares of the preferred stock of the defendant and the corporation plaintiff L. L. Harr Corporation of New York, a New York corporation, is the owner and holder of 2,497 shares of the preferred and 5,200 shares of the common stock of the defendant.

III. The gravamen of the complaint is that accrued preferred dividends which had accumulated on the preferred stock of the plaintiffs, hereinafter called old preferred stock, between September 15, 1930, and March 15, 1932, have been wiped out by a rearrangement of the defendant's corporate structure accomplished at a duly held meeting of stockholders on March 24, 1932, at which the defendant's certificate of incorporation was amended to provide, *inter alia,* for an issue of prior preference stock without par value to rank ahead of the old preferred stock.

On March 25, 1932, in pursuance of the vote of the stockholders at the meeting just mentioned, an amended certificate of incorporation was filed in the office of the secretary of state at Dover, Del. The plaintiffs claim that they did not consent to the amendment of corporate structure thus accomplished, and that their contract rights as holders of the cumulative old preferred stock on which back dividends were due were thus violated.

Summarized, the prayer of the complaint asks for a declaratory judgment: (1) That the holders of the cumulative old preferred stock are entitled to their unpaid cumulative dividends for the dates aforesaid before any dividends shall be declared or paid on the new prior preference stock or on the common stock of the defendant provided for in its amended certificate; (2) that the amended certificate be declared null and void; and as further and consequential relief; (3) that the defendant, its officers, directors, agents and servants, be perpetually enjoined and restrained from selling the new prior preference stock with representations that it takes precedence over unpaid cumulative dividends on the old preferred stock, from issuing or delivering or doing aught else which would diminish or abridge the right of the holders of the old preferred stock to receive their unpaid cumulative dividends.

IV. The plaintiffs in support of their motion to remand contend that the federal courts have not any jurisdiction to entertain suits for declaratory judgments, citing Piedmont & Northern R. R. Co. v. United States, 280 U. S. 469, 477, 478, 50 S. Ct. 192, 74 L. Ed. 551; Willing v. Chicago Auditorium, 277 U. S. 274, 289, 48 S. Ct. 507, 72 L. Ed. 880; Liberty Warehouse Co. v. Burley Tobacco Growers' Association, 276 U. S. 71, 89, 48 S. Ct. 291, 72 L. Ed. 473; Liberty Warehouse Company v. Grannis, 273 U. S. 70, 74, 47 S. Ct. 282, 71 L. Ed. 541. See, also, United States v. Los Angeles & Salt Lake R. R. Co., 273 U. S. 299, 47 S. Ct. 413, 71 L. Ed. 651.

The difficulty with the plaintiffs' position is that, on their own prayer, the situation

here involved goes far beyond a mere declaration of rights. The change in the certificate of incorporation by which the plaintiffs' right to cumulative dividends on the old preferred stock was displaced is now an accomplished fact, and the objective of the plaintiffs is to remedy that alleged wrong by a perpetual injunction.

There is, therefore, a controversy for which a remedy is sought of such a kind as to make a court of equity the proper forum in which to seek it.

When that is the case, there is competence in the federal court to deal with the situation as it exists, irrespective of the form in which the controversy for which the plaintiffs seek a remedy may have been presented. Cf. Keefe v. Matson Navigation Co. (D. C.) 46 F.(2d) 123; North Carolina Public Service Co. v. Southern Power Co., 282 F. 837, 840 (C. C. A. 4), certiorari dismissed after argument, 263 U. S. 508, 44 S. Ct. 164, 68 L. Ed. 413; Wilson v. Smith (C. C.) 66 F. 81, 82, 83.

The defendant's recourse to the federal courts in a proper case cannot be prevented by the plaintiffs' invoking in the state court a procedure which would be awkward or inappropriate for an original suit or action in the federal court provided the requirements of federal jurisdiction on removal—a controversy involving the requisite amount and diversity of citizenship—be present. Cf. Commissioners of Road Improvement District No. 2 v. St. Louis S. W. Ry. Co., 257 U. S. 547, 561, 42 S. Ct. 250, 66 L. Ed. 364. For the right of removal is a valuable right in our federal system, and the federal courts must be astute to guard it. Cf. Mr. Justice Miller on circuit in Arapahoe County v. Kansas Pacific Ry. Co. et al., 4 Dillon 277, 283, 1 Fed. Cas. 1080, 1082.

V. The necessary diversity of citizenship is here, and there is not any question but that the jurisdictional amount is here involved, for the plaintiffs are seeking to protect by injunction the value of their old preferred stock which on the papers apparently far exceeds the statutory amount of $3,000 exclusive of interest and costs which must be involved on removal. Cf. Swan Island Club v. Ansell, 51 F.(2d) 337 (C. C. A. 4).

We have here, therefore, all the requisites appropriate for removal, and, as the case has been duly removed, this court will hold jurisdiction of the controversy involved.

An order herein may be settled on notice, unless agreed.