SANTA MARGARITA MUTUAL WATER COMPANY et al., Petitioners,

v.

STATE WATER RIGHTS BOARD OF the STATE OF CALIFORNIA, Respondents.

No. 2147–SD.

United States District Court
S. D. California, S. D.
Aug. 8, 1958.

William Veeder, Atty., Dept. of Justice, San Diego, Cal., for U. S.

W. B. Dennis, Fallbrook, Cal., for Santa Margarita Mut. Water Co.

Franz Sachse, Fallbrook, Cal., for Fallbrook Public Utility Dist.

JAMES M. CARTER, District Judge.

The United States, last landowner on the stream, claims riparian, prescription and appropriative rights. Our present problem concerns only those alleged appropriative rights originating after the government's acquisition of the reservation beginning in 1942. As to these alleged rights, the United States has generally used "self help" and with the exception of one application #12576 filed with the Division of Water Resources on June 30, 1948, by a United States naval officer, and amendments thereto, no attempt has been made by the United States to comply with the statutory state procedures for the appropriation of water.

The State Water Rights Board held hearings on the applications of Fallbrook P. U. D., Santa Margarita Mutual Water Company and the United States application. The United States appeared specially and objected to the jurisdiction of the Board, and thereafter did not participate in the hearings.

On April 10, 1958 the State Water Rights Board rendered written opinions, findings and orders. It found there was unappropriated water; that the United States had in substance abandoned its application. It determined that the United States application should be rejected, that the Santa Margarita application be rejected and Fallbrook's applications be granted.

The Removed Mandamus Action

An action denominated as a "Petition for Alternate Writ of Mandate" has been removed to this court by the United States. The court, sua sponte, considers the question of remand to the State court.

The parties to the mandamus proceeding filed in the Superior Court are Santa Margarita Mutual Water Company, a California corporation, Rainbow Municipal Water District, a municipal corporation, Guy C. Earl Jr., and Herbert Hamm, petitioners and State Water Rights Board of the State of California, respondent.

Sec. 1360 of the West's Ann.California Water Code as amended in 1957 expressly provides for a petition for a writ of mandate in the Superior Court of the state "to inquire into the validity of the action of the board." The California Supreme Court in Temescal Water Co. v. Dept. of Public Works, 1955, 44 Cal.2d 90, 280 P.2d 1, 11, has held that "The proper remedy for reviewing the issuance of a permit despite protest upon the ground of the unavailability of unappropriated water is by a writ of mandate pursuant to section 1094.5 of the Code of Civil Procedure." 44 Cal.2d at page 106.

The Temescal case involved a permit issued by the Division of Water Resources of the Department of Public Works of California. California in 1956, abolished the Division of Water Resources and the office of the State Engineer, but their functions were preserved and divided between a newly created Department of Water Resources, (West's Ann.Cal.Water Code, §§ 120–163) and a newly created State Water Rights Board (West's Ann. Cal.Water Code §§ 175–188). The State Water Rights Board now performs the functions formerly performed by the Division of Water Resources, referred to in the Temescal case, supra.

■ We conclude that the law of the Temescal case will apply to the new State Water Rights Board and that the mandamus action under Sec. 1360, West's Ann.Cal.Water Code, is the proper remedy to inquire into the validity of actions of the State Water Rights Board.

As we read the Temescal case, supra, and note the reliance on Sec. 1094.5, West's Ann.California Code of Civil Procedure, and the cases cited at page 105 of 44 Cal.2d, at page 10 of 280 P.2d concerning review of actions by state administrative agencies, the trial in the Superior Court is a trial *de novo* or the substantial equivalent thereof. Laisne v. State Board of Optometry, 1942, 19 Cal.2d 831, 845, 123 P.2d 457, is cited to this effect.

However tried, the issues to be determined by the state agencies, are:

(1) was there available in the stream unappropriated water?

(2) what was the priority of the various applications?

(3) which application should be granted and which denied?

(4) To whom should permits issue?

(5) All this to be done without prejudice to existing vested rights, riparian, prescriptive, appropriative or otherwise.

If the case is not remanded and is tried in this court, this court would be required to proceed in the matter in exactly the same manner in which the state court would be required to proceed.

But West's Ann.California Code of Civil Procedure, Sec. 1094.5 provides that the judgment of the Superior Court on review *"shall not limit or control* in any way the discretion legally vested in the respondent,", i. e. the State Water Rights Board, and this notwithstanding the earlier provision in the same section that when the Boards decision is set aside, the Superior Court "may order the reconsideration of the case in the light of the court's opinion and judgment and may order respondent" (the Board) "to take such further action as is specially enjoined upon it by law.   *   *   *" (Emphasis added.)

■ This is not an objection to remand, but demonstrates that the *State Water Rights Board must make the decisions* although they must make correct ones. The state legislation has delegated this power to the Board.

Reference is made to the Memorandum being simultaneously filed in United States v. Fallbrook Public Utility District, D.C., 165 F.Supp. 806, where this problem is discussed in detail.

Title of the Cause—Mandamus

■ This court has no original jurisdiction in mandamus and there are numerous authorities to this effect, Marshall v. Crotty, 1 Cir., 1950, 185 F.2d 622; Updegraff v. Talbott, 4 Cir., 1955, 221 F.2d 342; Knapp v. Lake Shore & M. S. Ry. Co., 1905, 197 U.S. 536, 25 S.Ct. 538, 49 L.Ed. 870. However, the court will look at the substance of the matter and not to form. For example, if in reality the removed case sets forth a cause for equitable relief, State of Washington ex rel. City of Seattle v. Pacific Tel. & Tel. Co., D.C.Wash.1924, 1 F.2d 327; North Carolina Public Service Co. v. Southern Power Co., 4 Cir., 282 F. 837, 33 A.L.R. 626, certiorari dismissed 263 U.S. 508, 44 S.Ct. 164, 68 L.Ed. 413, this court would not be barred by the title of the action alone from hearing the cause. See, Chicago, R. I. & P. R. Co. v. Stude, 1954, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317; State of Louisiana ex rel. Glassell v. Shell Petroleum Corp., D.C.La.1937, 20 F. Supp. 795, 797. We are not particularly concerned about this point.

Other Problems

■ It would of course have been impossible to have removed the State Water Rights Board hearing in the first instance, to the Federal court, since the Board is non-judicial in character. But when an appeal is taken from such a hearing, or as here, a proceeding in mandamus is instituted to try the case "de novo" in the superior court, a state action is then "pending," City of Terre Haute v. Evansville & T. H. R. Co., C.C., 106 F. 545; Fuller v. Colfax County, C.C., 14 F. 177.

■ The mere fact that the action would be awkward to try in the Federal court, or would require reframing of the petition, is not in itself a ground for refusing to entertain the case, nor for re-

manding it to the state court. Commissioners of Road Improvement Dist. No. 2 of Lafayette County, Ark. v. St. Louis Southwestern R. Co., 1922, 257 U.S. 547, 42 S.Ct. 250, 66 L.Ed. 364.

If the case were to be tried in the Federal court or in the state court, probably all the interested parties could be brought into the proceedings. Fallbrook Public Utility District (whose applications were granted and to whom permits were ordered issued) has not been made a party. The state of California, as such, is not a party, although the State Water Rights Board has been designated as a party.

If the case is tried in the Federal court, it would also be possible to realign the parties, and on the realignment, the State Water Rights Board, State of California and the Fallbrook Public Utility District would probably be aligned on one side of the case and the other unsuccessful applicants and objectors on the other side.

### Bases for Remand

Notwithstanding the apparent ease with which we have hurdled some of the obvious objections to retaining the case in the Federal court, there are other basic obstacles that prevent the retention of this case in the Federal court, and require its remand.

#### (1) The United States Is Not a Party to the Mandamus Proceedings

The United States is not a named party to the mandamus proceedings. It had previously, on June 30, 1948, filed an application to appropriate water, No. 12576, the application being in the name of the United States Navy Department. On December 13, 1948, an amended application was filed. On July 13, 1949, the application was amended. The United States about August 12, 1957, appeared specially at the hearing before the State Water Rights Board and objected to the jurisdiction of that Board.

Thus, the United States initiated the proceedings on application No. 12576, which were set for hearing before the State Water Rights Board in August 1957. It was a party to this administrative proceedings. It is difficult to understand how the United States could then appear specially and question the jurisdiction of the Board.

Various alternatives present themselves. (1) The United States by its special appearance, in effect *disclaimed* that the prior application was filed in its behalf, or (2) if it claimed the application as its own, then it in substance *abandoned* it. It is difficult to see how the United States can claim rights under application No. 12576 and then not follow through to protect or perfect those rights. The Board *rejected* Application No. 12576.

The problem of whether the United States is a party to the mandamus proceeding is another question. The United States is certainly not named as a party. No rights are claimed by petitioner against or from the United States.

■ The question of whether the United States is a party to the controversy in mandamus is not determined by the names of the nominal parties, but by the effect of the judgment or decree which could be rendered in the mandamus proceedings.

"The question whether the United States is a party to a controversy is not determined by the merely nominal party in the record, but by the effect of the judgment or decree which can be entered," State of Minnesota v. Hitchcock, 1902, 185 U.S. 373, 22 S.Ct. 650, 46 L.Ed. 954; quoted with approval in State of Oregon v. Hitchcock, 1906, 202 U.S. 60, 69, 26 S.Ct. 568, 570, 50 L.Ed. 935.

■ In both these cases a State sued a public official, the Secretary of the Interior. The United States was held to be the real party in interest.

But here there is even no *nominal party* under whom the United States can claim, as was the case in the two cases cited above. If the United States is dissatisfied with the Board's decision it may petition for review or possibly even join

Santa Margarita as petitioner. But until then it is not even a party plaintiff, certainly not a defendant.

Certainly the removal is premature, In re Green River Drainage Area, D.C.Utah 1956, 147 F.Supp. 127, 135. In this case the United States was named in a state proceeding and removed the action. The district court remanded. It is a most interesting decision and concerns a problem with many similarities to ours.

### (2) Assuming the United States Is a Party Defendant, This Is Not Ground for Removal.

Because the United States itself claims to be a party to the proceeding does not, ipso facto, give any right to remove the action. Removal provisions are set forth in Title 28 U.S.C.A. §§ 1441–1450. Sec. 1441 is the general removal section; Sec. 1442 covers the removal of civil and criminal proceedings against persons and agencies of the United States for acts done under color of authority and other situations irrelevant to our inquiry; Sec. 1442a covers removal of civil or criminal proceedings against members of the armed forces; Sec. 1443 covers removal of civil rights cases; Sec. 1444 involves removal of foreclosure actions against the United States; Sec. 1445 concerns removal of actions involving common carriers. The remaining sections concern procedure.

There is therefore no provision in the law providing that the United States may remove an action from a State court, merely because it is a party to the original action, or a real party in interest in the action so removed. We must therefore look to some ground, other than the status of the United States as a party, to justify the removal.

### (3) No Federal Question Raised by Mandamus Action

Is there a Federal question involved? The United States apparently predicates its removal of the action on the ground that a Federal question is involved. The law is clear that to justify removal *the plaintiff* in the State court

proceeding must claim or seek to vindicate in the action brought, a right or title under the Federal constitution, laws or treaties, and it is not enough that a defendant in the proceeding may claim to have some rights growing out of the Federal constitution, laws or treaties. In re Winn, 1909, 213 U.S. 458, 29 S.Ct. 515, 53 L.Ed. 873, appears to be the leading case. The court states at page 464 of 213 U.S., at page 516 of 29 S.Ct.:

" * * * The only ground of jurisdiction which is or can be suggested is that the suit was one arising under the Constitution and the laws of the United States. 25 Stat. 433, 434 * * *. It is the settled interpretation of these words, as used in this statute conferring jurisdiction, *that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough, as the law now exists, that it appears that the defendant may find in the Constitution or laws of the United States some ground of defense.* Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 and cases cited. If the defendant has any such defense to the plaintiff's claim, it may be set up in the state courts, and if properly set up and denied by the highest court of the state may ultimately be brought to this court for decision. * * *

" * * * In substance, the allegations of the petition for removal are, that the defendant was subject to the Federal laws to regulate commerce, and that, under those laws the defendant had a defense in whole or in part to the cause of action stated in the declaration. But the cause of action itself is not based upon the interstate commerce law or upon any other law of the United States * *." (Emphasis added.)

The case has been followed in the courts of the United States, Visayan Refining Co. v. Standard Transport Co., D.C.N.Y.1927, 17 F.2d 642, at page 643; Chaskin v. Thompson, 9 Cir., 1944, 143 F.2d 566, at page 569; John Hancock

Mutual Life Ins. Co. v. United Office & Professional Workers, D.C.N.J.1950, 93 F.Supp. 296, 301. Thompson v. Standard Oil Co. of New Jersey, 4 Cir., 1933, 67 F.2d 644, at page 646, states,

" * * * Therefore, a case is not now removable unless *the plaintiff's declaration or bill shows by distinct averments that his cause of action, as distinguished from the defense thereto,* is based upon a right under the Constitution or laws of the United States, or treaties made under their authority. [State of] Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Third Street [& Suburban] R. Co. v. Lewis, 173 U.S. 457, 19 S.Ct. 451, 43 L.Ed. 766; [State of] Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 22 S.Ct. 47, 46 L.Ed. 144; Louisville & N. R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; In re Winn, 213 U.S. 458, 29 S.Ct. 515, 53 L.Ed. 873; Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 56 L.Ed. 1205; American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 * * *." [Emphasis added.]

Here, the petitioner in the mandamus proceeding rests its case squarely on state law, viz.:

(1) The right of the State to apportion unappropriated water of the state and (2) the Code sections of the state, Sec. 1360, West's Ann.Cal.State Water Code and Sec. 1094.5, West's Ann. California Code of Civil Procedure, outlining procedure on review and (3) The Temescal case, supra, in the state Supreme Court, considering the problem and stating that the proceeding in the Superior Court on the Mandamus proceeding is a trial de novo. Assuming the United States is a real party in interest to the proceeding, any rights it asserts in the way of a Federal question are purely a matter of defense to the claims of the other applicants.

Under the cases cited above, no Federal question is thus presented.

### (4) No Original Jurisdiction in the Federal Court

There was no present ground for original jurisdiction in the Federal court under which the mandamus action could have been originally commenced in the Federal court. Original jurisdiction of the Federal court, sufficient in the first instance to have maintained the action sought to be removed, is a pre-requisite to removal. This is found in the express language of Sec. 1441, Title 28 U.S.Code, which provides " * * * any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed * * *". The principle is supported by case law. Cyc. of Fed.Procedure, 3rd Edition, Sec. 3.12, p. 204 note 44, and cases cited. Absent such original jurisdiction the case must be remanded (idem), Sec. 3.140 and 3.141 pp. 406, 415; General Inv. Co. v. Lake Shore & M. S. R. Co., 1922, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; American Fire & Cas. Co. v. Finn, 1951, 341 U.S. 6, 17–18, 71 S.Ct. 534, 95 L.Ed. 702.

The mere fact that during the course of the proceedings, a Federal question may arise is not ground for removal, Gully v. First National Bank in Meridian, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

In the instant case it is inconceivable that the original proceedings could have been instituted in a Federal court. The court would lack any jurisdiction to determine the questions necessarily presented in the mandamus proceeding which would require a trial de novo in the Superior Court. That proceeding would rest on State law concerning the right to appropriate unappropriated waters. No federal question would be involved on the issues presented by petitioner.

### (5) State Court Jurisdiction over the Parties

To constitute a valid removal, it is essential that the state court from which the case is transferred have juris-

diction over the parties. (Cyc. of Fed. Procedure, 3rd Ed., Sec. 3.11, p. 201, Vol. 2, note 35 and 36); R. H. Hassler, Inc., v. Shaw, 271 U.S. 195, 46 S.Ct. 479, 70 L.Ed. 900; Rosenthal v. Frankfort Distillers Corp., 5 Cir., 193 F.2d 137; Block v. Block, 7 Cir., 196 F.2d 930; Garden Homes, Inc., v. Mason, 1 Cir., 238 F.2d 651; Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517.

The defendant must, if he did not appear voluntarily, have been brought into the State court in the manner required by law. Employers' Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289.

Samson v. General Cas. & Ins. Co. of America, D.C., 104 F.Supp. 751 and Rockwell v. United States Fidelity & Guaranty Co., D.C., 137 F.Supp. 317, seem to indicate that Federal court may later acquire jurisdiction of the defendant after removal, under Sec. 1448, Title 28.

However, in this case the United States claims it did not submit itself generally to the jurisdiction of the State Water Rights Board. It is not named as a party in the mandamus proceeding. We have heretofore discussed this problem under (1) supra.

#### (6) All Defendants Must Join in Removal

■ All defendants must ordinarily join in a removal. Cyc. of Fed.Procedure, 3rd Ed., Sec. 3.104. This was the rule prior to the enactment of the present removal act, Gableman v. Peoria, D. & E. R. Co., 1900, 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220; Chicago, R. I. & P. R. Co. v. Martin, 1900, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055. The cases in the District courts, under the present act, hold to the same effect. Smith v. Waldemar, D.C.Tenn.1949, 85 F.Supp. 36; John Hancock Mutual Life Ins. Co. v. United Office & Professional Workers of America, D.C.N.J.1950, 93 F.Supp. 296; Gratz v. Murchison, D.C.Del.1955, 130 F.Supp. 709; Barnes v. Parker, D.C.Mo.1954, 126 F.Supp. 649; Warner v. Dunmyer, D.C. Mo.1952, 108 F.Supp. 757 (first case);

Rodriguez v. Union Oil Co. of California, D.C.So.Cal.1954, 121 F.Supp. 824.

■ It is true that Sec. 1441(c) of Title 28 U.S.C.A., provides that "whenever a separate and independent claim or cause of action, which would be removable if sued upon alone is joined with one or more otherwise non removable claims or causes of action, the entire case may be removed * * *". That situation is not applicable here. None of the claims are independent or separable. In fact the Ninth Circuit reversed a judgment in this case, which purported to deal with only two defendants, People of State of California v. United States, 9 Cir., 1956, 235 F.2d 647.

Since only the United States has petitioned for removal and that petition has not been joined in by the other respondents or defendants or those who would be defendants upon a realignment, Fallbrook P. U. D., State of California, and State Water Rights Board, this gives additional support to the court's conclusion that the case should be remanded to the state courts.

#### (7) The Act of July 10, 1952, Giving Consent to the Joinder of the United States as Defendant in a Water Adjudication Suit Does Not Prevent Remand.

Next we consider the Act of July 10, 1952, c. 651, Title 2, Sec. 208, 66 Stat. 560; 43 U.S.C.A. § 666 and whether it prevents the remand of this action.

■ The statute is quoted in full in the memorandum being filed in United States v. Fallbrook Public Utility District, D.C., 165 F.Supp. 806. The statute provides that "Consent is given to join the United States as a defendant in any suit, (1) for the adjudication of rights to the use of water of a river system or other source * * * where it appears that the United States is the owner of or is in the process of acquiring water rights by appropriation under State law, * * * and the United States is a necessary party to such suit * * *" and "The United States, when a party to such suit * * * (2) shall be subject to

the judgment, orders, and decrees of the court having jurisdiction * * * " The statute does not make clear in what court the action may be brought. In re Green River Drainage Area, D.C.Utah 1956, 147 F.Supp. 127, the court states that the statute permits the bringing of an action in the State or Federal court, and it states further that if the action is brought in the state court, it would be removable to the federal court upon a proper showing of the applicability of the removal statute.

But the 1952 Act (Supra) does not assist in our problem. The United States has not been made a party to the state mandamus proceedings. Even if the United States was a party defendant, such status confers ipso facto no right to remove. (Supra.)

### (8) State Law Controls

The right to allot and apportion unappropriated water rests in the hands of the state. Reference is made herewith to the memorandum being currently filed in No. 1247–SD–C where this problem is discussed. Historically the states have controlled the allotment and apportionment of unappropriated waters and we have therefore concluded that such matters are within the jurisdiction of the state, and the state agencies created by it to handle such problems, namely the State Water Rights Board and on review the Superior Court of the county involved.

If the case is remanded, under Temescal Water Co. v. Dept. of Public Works, 1955, 44 Cal.2d 90, 280 P.2d 1, a trial "de novo" is had in the Superior Court.

We are uncertain how the procedure of a trial "de novo" in the Superior Court would operate, and we have made no research and only speculate upon what might happen. The trial de novo might consist of, (a) accepting the evidence already received by the State Water Rights Board plus such new evidence as might properly be admitted. See Sec. 1094.5, West's Ann.Cal.Code of Civil Procedure; or (b) of taking anew the evidence previously presented to the State Water Rights Board, plus such other evidence as was pertinent and admissible. There might also arise a question as to what rule should be applied in weighing evidence.

1. The "any evidence" rule
2. The "preponderance of evidence" rule
3. The "substantial evidence" rule

The Superior Court apparently determines [West's Ann.Calif.C.C.P. Sec. 1094.5], whether to set aside the decision of the Board or deny the writ. If the decision of the Board is set aside, the Superior Court may order reconsideration of the case by the Board, in the light of the court's opinion and judgment or direct further specified proceedings, but the Superior Court judgment cannot limit or control the discretion of the Board.

However these matters turn out, the following we believe is correct. The state agencies will determine:

(1) Whether there is any water in the river available for appropriation. This will not be a conclusive determination, but will be subject to vested rights, and accordingly the United States District court will eventually make the determination after determining and listing the vested rights, if there is any water available for appropriation. The action of the state agencies will only operate on such water, if any, as is found available for appropriation.

(2) If the preliminary finding is that water is available for appropriation, that determination is as of the present and "future availability of water necessarily can only be an estimate;" (Temescal, supra, 44 Cal.2d at page 106, 280 P.2d at page 11);

(3) That any permit issued thereafter would confer no appropriative right but only "fix the priority of its recipient over subsequent appropriations." The permit could grow into an appropriative right.

This court assumes that the state agencies will (a) confine themselves to the issues of the rights of applicants seeking to appropriate water; (b) provide that any permits issued were sub-

ordinate to vested rights, riparian, prescriptive, appropriative or otherwise, and (c) not attempt to adjudicate the vested rights on the river.

Thus, the state proceedings will concern solely the *appropriative claims to alleged excess water over and above vested rights*.

The trial in the United States court would try out the *vested rights on the river*, riparian, prescriptive, appropriative or otherwise.

Such division of responsibility will leave to state agencies and tribunals the power and authority to deal with current applications to appropriate water. The jurisdiction of the United States court will not be interfered with, and the state and federal proceeding will supplement each other.

### Proposed Action of This Court Ordering Remand

The court is familiar with the fact that no appeal immediately lies from an order remanding the case to the State court, Cyc. of Fed.Procedures, 3rd Ed., Vol. 2, Sec. 3.153. The propriety of a removal may be considered by the court on the appeal from the final judgment, American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. Nor may a party ordinarily review an order of remand by prohibition or mandamus.

The point asserted by the government as to the jurisdiction of the state in connection with alloting unappropriated water, is an important point in this case. If procedures could be evolved to permit the government some attack upon the proposed order of remand, the decision from the upper courts could be received prior to the conclusion of the trial of this action.

The court therefore proposes as follows:

It now announces its decision that on September 15, 1958, unless prohibited or restrained by the Court of Appeals for the Ninth Circuit, the Court will enter its order remanding this case to the Superior Court based upon the grounds herein stated. The government will therefore have an opportunity to seek prohibition or mandamus to prevent the court from entering this order. We have not had an opportunity, nor do we propose to brief this point. We have in mind, Connelly v. United States District Court, 9 Cir., 1951, 191 F.2d 692 in which proposed action by the court was deferred and *prior to the ruling by the court upon a motion for bail, Connelly* sought prohibition against the Judge on the basis of bias, and secured an order prohibiting the court from proceeding with the case. See also Fallbrook Public Utility District v. United States District Court, 9 Cir., 202 F.2d 942, when the proceedings for writ of mandate were heard on the merits.